1   KEVIN P. MUCK (CSB NO. 120918)
    CHRISTOPHER J. STESKAL (CSB NO. 212297)
2   JENNIFER C. BRETAN (CSB NO. 233475)
    FENWICK & WEST LLP
3   555 California Street, 12th Floor
    San Francisco, CA 94104
4   Telephone:    (415) 875-2300
    Facsimile:    (415) 281-1350
5
    Attorneys for Defendants
6   Freedom Financial Network, LLC; Freedom Debt
    Relief, Inc.; and Freedom Debt Relief, LLC
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11

12  HAIDEE ESTRELLA, an individual, on      Case No. _____
    behalf of herself, all others similarly situated,
13  and on behalf of the general public,
                                            **NOTICE OF REMOVAL OF CIVIL**
14              Plaintiff,                   **ACTION UNDER 28 U.S.C. §§ 1331,**
                                             **1441(a), (b) (Federal Question) and 28**
15       v.                                  **U.S.C. § 1367(a)**

16  FREEDOM FINANCIAL NETWORK, LLC,          Removed from the Superior Court of the State
    a Delaware limited liability company;   of California for the County of Orange, Case
17  FREEDOM DEBT RELIEF, INC., a             No. 30-2008-00233475
    California corporation; FEEDOM DEBT
18  RELIEF, LLC, a Delaware limited liability
    company; and DOES 1 through 100,
19
                Defendants.
20

21

22

23

24

25

26

27

28

**SACV09-189 DOC (ANx)**

2009 FEB 17 AM 10: 30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____
FILED

---

NOTICE OF REMOVAL OF ACTION BY                              CASE NO. _____
ALL DEFENDANTS

COPY

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA, PLAINTIFF HAIDEE ESTRELLA, AND HER**

3  **ATTORNEYS OF RECORD:**

4          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b),

5  Defendants Freedom Financial Network, LLC, Freedom Debt Relief, Inc, and Freedom Debt

6  Relief, LLC (collectively, "Defendants") hereby jointly remove the above-entitled action from the

7  Superior Court of the State of California, County of Orange, to the United States District Court

8  for the Central District of California, Santa Ana Division, and state as follows:

9          1.       On or about December 29, 2008, suit was filed by Plaintiff Haidee Estrella

10  ("Estrella" or "Plaintiff") against Defendants in the Superior Court of California, County of

11  Orange, the action being entitled *Haidee Estrella, et al. v. Freedom Financial Network, LLC, et*

12  *al.,* Case No. 30-2008-00233475.

13          2.       Defendants were served with a copy of the Complaint on January 21, 2009.

14  Pursuant to 28 U.S.C. §1446(b), this Notice is timely filed within thirty days of receipt of service

15  by Defendants of a copy of the initial pleading setting forth the claim for relief upon which the

16  action is based.  A true and correct copy of the Complaint served on Defendants, and all other

17  papers filed and process served in this matter, is attached hereto as **Exhibit A**.

18          3.       The Complaint filed by Estrella includes a claim for violation of 15 U.S.C. § 1679,

19  *et seq.,* the Credit Repair Organization Act ("CROA").  Estrella's Second Cause of Action

20  alleges:

21          In violation of the CROA, FDR collected its fee in advance of providing any services.
            FDR also violated the CROA by requesting that credit bureaus report the consumer's
22          accounts as 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even
            if the creditor received less than full payment and would otherwise report a "charge off"
23          of the remaining balance due or continue to show a sum owing.

24  Complaint ¶ 45.

25          5.       Accordingly, it appears from the face of plaintiff's complaint that this is a civil

26  action that arises under federal law, the CROA, 15 U.S.C. § 1679, *et seq.*

27          6.       All defendants have joined in this Notice of Removal.

28          7.       This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331, 1441(a)

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  and (b), because this action was originally brought in a State Court lying within the district and

2  division of this Court, and because there is federal question jurisdiction over some of Estrella's

3  claims in this Court.

4      8.    This Court has supplemental jurisdiction over related state law claims pursuant to

5  28 U.S.C. § 1367(a).

6      8.    Defendants have complied with all conditions precedent to removal.

7      9.    Promptly upon filing this Notice of Removal with this Court, Defendants shall

8  provide written notice to Plaintiff (through its counsel) and to the Orange County Superior Court,

9  as required under 28 U.S.C. § 1446(d). A copy of said notice is attached hereto as **Exhibit B**.

10      WHEREFORE, this action is properly removed to this Court pursuant to 28 U.S.C. §§

11  1331, 1441(a) and (b).

12

13  Dated:    February 17, 2009        FENWICK & WEST LLP

14

15  By: _____

16          Kevin P. Muck

17  Attorneys for Defendants Freedom Financial Network, LLC; Freedom Debt Relief, Inc.; and Freedom Debt Relief, LLC

18

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25455/00403/LIT/1296647.1

NOTICE OF REMOVAL OF ACTION BY ALL DEFENDANTS    3    CASE NO. _____

# Exhibit A

Banner Civil Public - Print Case

| CASE SUMMARY | | | | |
|---|---|---|---|---|
| **Case No.** | **Case Title** | **Case Type** | **Filing Date** | **Category** |
| 30-2008-00233475-CU-BT-CXC | HAIDEE ESTRELLA VS. FREEDOM FINANCIAL NETWORK, LLC | BUSINESS TORT | 12/29/2008 | CIVIL - UNLIMITED |

## Participants
Results 1 - 6 of 6

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| FREEDOM FINANCIAL NETWORK, LLC | DEFENDANT | | 12/30/2008 | |
| HAIDEE ESTRELLA | PLAINTIFF | | 12/30/2008 | |
| FREEDOM DEBT RELIEF, LLC | DEFENDANT | | 12/30/2008 | |
| CLARK & MARKHAM LLP | ATTORNEY | | 12/29/2008 | |
| FREEDOM DEBT RELIEF, INC. | DEFENDANT | | 12/30/2008 | |
| LAW OFFICES OF BARRON E. RAMOS | ATTORNEY | | 12/29/2008 | |

## Hearings
Results 1 - 2 of 2

| Event | Scheduled Date | Start Time | Dept | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 03/04/2009 | 09:00 | CX102 | ANDLER |
| CHAMBERS WORK | 01/20/2009 | 11:35 | CX102 | ANDLER |

## Register of Actions
Results 1 - 8 of 8

| ROA # | Docket Entry | Filing Date | Filing Party | Document |
|---|---|---|---|---|
| 8 | MINUTES FINALIZED FOR CHAMBERS WORK 01/20/2009 11:35:16 AM. | 01/20/2009 | | |
| 7 | STATUS CONFERENCE SCHEDULED FOR 03/04/2009 AT 09:00:00 AM IN CX102 AT CIVIL COMPLEX CENTER. | 01/21/2009 | | |
| 6 | PAYMENT RECEIVED BY FOR 26 - COMPLAINT OR OTHER 1ST PAPER 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 870.00, TRANSACTION NUMBER 10277912 AND RECEIPT NUMBER 10101787. | 12/30/2008 | | |
| 5 | CLASS ACTION / B 17200 QUESTIONNAIRE FILED BY ESTRELLA, HAIDEE ON 12/29/2008 | 12/29/2008 | ESTRELLA, HAIDEE ON 12/29/2008 | |
| 4 | CASE ASSIGNED TO JUDICIAL OFFICER ANDLER, GAIL. | 12/30/2008 | | |
| 3 | CIVIL CASE COVER SHEET FILED BY ESTRELLA, HAIDEE ON 12/29/2008 | 12/29/2008 | ESTRELLA, HAIDEE ON 12/29/2008 | |
| 2 | SUMMONS ISSUED AND FILED FILED BY ESTRELLA, HAIDEE ON 12/29/2008 | 12/29/2008 | ESTRELLA, HAIDEE ON 12/29/2008 | |
| 1 | COMPLAINT FILED BY ESTRELLA, HAIDEE ON 12/29/2008 | 12/29/2008 | ESTRELLA, HAIDEE ON 12/29/2008 | |

**BY FAX**

$320.00
$550.00

1   **CLARK & MARKHAM LLP**
    David R. Markham (State Bar No. 071814)
2   R. Craig Clark (State Bar No. 129219)
    James M. Treglio (State Bar No. 228077)
3   600 "B" Street, Suite 2130
    San Diego, CA 92101
4   Telephone: (619) 239-1321
    Facsimile: (619) 239-5888
5
    **LAW OFFICES OF BARRON E. RAMOS**
6   Attorney at Law, A Professional Corporation
    Barron E. Ramos (State Bar No. 179620)
7   132 N. El Camino Real, # 303
    Encinitas, California 92024
8   Telephone: (760) 274-6438
    Facsimile: (760) 994-1354
9
10  Attorneys for plaintiffs and the Class

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

**DEC 29 2008**

ALAN CARLSON, Clerk of the Court
BY C CEPEDA

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                          **COUNTY OF ORANGE**

13  HAIDEE ESTRELLA, an individual, on behalf   ) Case No.   **30-2008**
14  of herself, all others similarly situated, and on )
    behalf of the general public,                )              **00233475**
15                                               )
                         Plaintiff,              ) **CLASS ACTION COMPLAINT FOR**
16                                               ) **UNLAWFUL, UNFAIR AND DECEPTIVE**
           v.                                    ) **BUSINESS PRACTICES AND FOR**
17                                               ) **VIOLATION OF THE CREDIT REPAIR**
    FREEDOM FINANCIAL NETWORK, LLC, a            ) **ORGANIZATION ACT (CROA)**
18  Delaware limited liability company;          )
    FREEDOM DEBT RELIEF, INC., a California      ) **JURY TRIAL DEMAND**
19  corporation;                                 )
    FREEDOM DEBT RELIEF, LLC, a Delaware         ) **JUDGE GAIL A. ANDLER**
20  limited liability company;                   )       **DEPT. CX102**
    and DOES 1 through 100,                      )
21                                               )
22                       Defendants.             )
23

24

25      Plaintiff HAIDEE ESTRELLA ("Plaintiff"), an individual on behalf of herself and on

26  behalf of all persons similarly situated and on behalf of the general public alleges the following on

27  information on belief:

28                                            1

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 305 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## I.

## INTRODUCTION

1.      This a class action for unfair, unlawful and deceptive business practices and for violation of the Credit Repair Organization Act (CROA), 15 U.S.C. § 1679, et. seq brought against Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC., a California corporation, FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company (collectively "FDR"), and DOES 1 through 100. This action is based on Defendants' business pattern and practice of unfairly, unlawfully and deceptively collecting excessive and/or unlawful fees for debt reduction services in violation of California Financial Code sections 12200, 12314 and 12314.1, and for violation of the CROA.

2.      As set forth in detail below, FDR is currently subject to a cease and desist Order entered by the California Corporations Commissioner, Enforcement Division, dated May 29, 2008, attached hereto as Exhibit "A." However, that cease and desist Order did not restore the millions of dollars unlawfully, deceptively and unfairly collected by FDR from unsuspecting customers. This action seeks to restore those monies to consumers and to obtain actual and punitive damages for FDR's violations of the CROA.

## II.

## JURISDICTION & VENUE

3.      Jurisdiction and venue are proper within this judicial district because (i) FDR transacts substantial business in this county, (ii) plaintiff, with whom FDR contracted, resides in this county, and (iii) the agreement entered into between FDR and plaintiff was executed in this county.

## III.

## CHOICE OF LAW

4.      FDR's form adhesion contract for services with plaintiff and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides]." Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the

2

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    laws of the State of California as to all claims, except for the claim made under the CROA, which

2    is governed by that statute.

IV.

PARTIES

5       5.      Plaintiff HAIDEE ESTRELLA is an individual with whom FDR contracted to provide debt

6    reduction services.  Plaintiff brings this action as an individual on behalf of a class of similarly

7    situated consumers and as a private attorney general on behalf of the general public, pursuant to

8    California Business & Professions Code § 17204.  The claims of Plaintiff are typical and

9    representative of the claims of the absent members of the Class in that FDR charged Plaintiff for

10   FDR's services in excess of that permitted by California law and while acting without a license to

11   perform the contracted services.  The claims are also typical in that FDR represented to plaintiff

12   and the class, and continues to represent to consumers, that it provides services designed to alter a

13   consumer's credit report.  The Plaintiff paid FDR fees for these services and thereby suffered a

14   financial injury for which restitution and/or damages from FDR is required.

15      6.      Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability

16   company, FREEDOM DEBT RELIEF, INC., a California corporation, and FREEDOM DEBT

17   RELIEF, LLC, a Delaware limited liability company (collectively "FDR") are now, and at all times

18   mentioned herein, business entities authorized to do business and doing business in California.

19   FDR is headquartered in San Mateo, California.

20      7.      Except as otherwise provided herein, Plaintiff seeks restitution on behalf of all persons that

21   have paid a fee to FDR for debt reduction services during the four years preceding the filing of this

22   complaint and who did not receive a full refund of such charges.

23      8.      Plaintiff is unaware of the true names and capacities of the remaining defendants sued in

24   this action by the fictitious names DOES 1 through 100.  Such DOE defendants are named herein

25   pursuant to C.C.P. § 474.  Plaintiff will amend her complaint when those names and/or capacities

26   become known to Plaintiff.  Plaintiff is informed and believes that each of the fictitiously named

27   defendants is in some manner responsible for the events and allegations set forth in this complaint.

28

3

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    9.    Each of the above named Defendants agreed among themselves and with other third party
2    co-conspirators to engage in a scheme for the purpose of increasing the revenues received by each
3    of the Defendants.  At all material times herein mentioned, each of the Defendants was the co-
4    conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the
5    remaining Defendants and was, at all relevant times, acting within the course and scope of such
6    plan, conspiracy, successorship, joint venture, agency and employment.  In doing the things alleged
7    in the causes of actions stated herein each and every defendant was acting within the course and
8    scope of this agency or employment and was acting with the consent, permission and authorization
9    of each of the remaining Defendants.  All actions of each Defendant as alleged in the causes of
10    action stated herein were ratified and approved by every other defendant or their officers or their
11    managing agents.

12                                              V.

13                              SUBSTANTIVE ALLEGATIONS

14    10.    At all relevant times alleged herein, FDR was and is in the business of providing debt
15    reduction services to consumers.  As set forth on FDR's website, www.freedomdebtrelief.com:
16    FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large
17    debt burdens and who need debt relief.  Freedom Debt Relief uses debt negotiation with a goal of
18    dramatically lowering your debt levels."

19          Among other representations on their website, FDR claims the following:
20    *    Be debt free in as little as 12-36 months!
21    *    Lower debts down to as low as 50% of what you owe!
22    *    Service Fee Money Back Guarantee
23    *    Alternative to bankruptcy, debt consolidation or credit counseling
24    *    One Simple Monthly Payment

25    11.    Plaintiff contracted with FDR for debt reduction services on March 27, 2008.  As part of the
26    service agreement, FDR required that beginning on April 28, 2008 plaintiff budget $ 576 per
27    month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees.

28                                              4

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    The agreement specified that plaintiff would pay "Retainer Fees" of $ 431.11 each month for a

2    period of four (4) months as well as additional "Service Fees" of $ 229.95 each month "until the

3    total Retainer and Service Fees of approximately 15% of debt are paid." Under the agreement, the

4    Retainer Fee was to equal 5% of the debt and the Service Fee equal to 10% of the debt.

5    12.    After about two (2) months of payments into the FDR account, plaintiff decided to end her

6    relationship with FDR and cancel the agreement. FDR did not refund any of the monies it

7    collected from plaintiff.

8    13.    On or about May 29, 2008, the Commissioner of the California Department of Corporations

9    found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers,

10    Bill Payers and Proraters Law, and that FDR was doing so without a license. The Commissioner

11    also found that FDR was overcharging consumers in violation of California Financial Code

12    sections 12314 and 12314.1. FDR was ordered to cease and desist from engaging in business as a

13    bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease

14    and desist from violating California Financial Code sections 12314 and 12314.1. A copy of that

15    Order is attached hereto as Exhibit A.

16    14.    A prorater is defined in California Financial Code section 12002.1 as follows:

17            A prorater is a person who, for compensation, engages in whole or in

18            part in the business of receiving money or evidences thereof for the

19            purpose of distributing the money or evidences thereof among

20            creditors in payment or partial payment of the obligations of the

21            debtor.

22    15.    California Financial Code section 12200 proscribes acting as a prorater or bill payer

23    without first obtaining a license from the Commissioner:

24            No person shall engage in the business, for compensation, of selling

25            checks, drafts, money orders, or other commercial paper serving the

26            same purpose, or of receiving money as agent of an obligor for the

27            purpose of paying bills, invoices, or accounts of such obligor, or

28

5

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1        acting as a prorater, nor shall any person, without direct

2        compensation and not as an authorized agent for a utility company,

3        accept money for the purpose of forwarding it to others in payment

4        of utility bills, without first obtaining a license from the

5        commissioner.

6   16.    FDR is acting as a bill payer and/or prorater in the performance of its debt reduction

7 services since it is receiving monies for acting as an agent of the consumer for the purpose of

8 paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that

9 the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and

10 Attorney-In-Fact ..."

11   17.    California Financial Code section 12314 provides as follows:

12        The total charges received by a prorater, or any other person for the

13        prorater's services, may not exceed in the aggregate twelve percent

14        (12%) for the first three thousand dollars ($3,000), eleven percent

15        (11%) for the next two thousand dollars ($2,000), and ten percent

16        (10%) for any of the remaining payments distributed by a prorater to

17        the creditors of a debtor, except for payments made on recurrent

18        obligations. Recurring obligations shall be defined for the purpose of

19        this section as follows: current rent payments, current utility

20        payments, current telephone bills, current alimony payments, current

21        monthly insurance premium payments, and payments made on

22        obligations which are secured by a first mortgage or first deed of

23        trust on real property.

24        (a) Notwithstanding the provisions of Section 12315, upon

25        compliance with the provisions of Sections 12315.1, and 12320, an

26        origination fee of a sum not to exceed fifty dollars ($50) may be

27        charged;

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

(b) A fee not to exceed four dollars ($4) per disbursement on recurring obligations, consisting of current rent payments or obligations which are secured by a first mortgage or first trust deed on real property, may be charged.

(c) A fee not to exceed one dollar ($1) on other recurring obligations. When a debtor has not canceled or defaulted on the performance of his contract with the prorater within 12 months after execution of the prorate contract, the prorater shall refund any origination fee charged to the debtor. At least once each month the prorater shall pay not less than 70 percent of all funds received from the debtor to the creditors of the debtor.

18.     FDR violated California Financial Code section 12314 by charging more than $ 50 as a retainer fee, and by contracting to charge more than twelve percent (12%) for the first three thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten percent (10%) for any of the remaining payments distributed.

19.     California Financial Code section 12314.1 provides as follows:

A cancellation fee or termination penalty may not be charged to a debtor.

20.     FDR violated California Financial Code section 12314.1 by keeping plaintiff's monies as a cancellation or termination fee.

21.     In addition to providing debt reduction services, FDR also represents to consumers that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'" FDR thus represents to consumers that it will attempt to alter the consumer's credit report as part of FDR's services.

22.     The CROA, found at 15 U.S.C. § 1679, et. seq, prohibits a variety of false and misleading statements, as well as fraud by credit repair organizations (CROs). CROs may not receive payment

7

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    before any promised service is "fully performed." Services must be under written contract, which

2    must include a detailed description of the services and contract performance time. CROs must

3    provide the consumer with a separate written disclosure statement describing the consumer's rights

4    before entering into the contract. Consumers can sue to recover the greater of the amount paid or

5    actual damages, punitive damages, costs, and attorney's fees for violations of the CROA.

6    23.    As used in the CROA, a CRO under 15 U.S.C. § 1679a:

7            (A) means any person who uses any instrumentality of interstate

8            commerce or the mails to sell, provide, or perform (or represent that

9            such person can or will sell, provide, or perform) any service, in

10           return for the payment of money or other valuable consideration, for

11           the express or implied purpose of--

12           (i) improving any consumer's credit record, credit history, or credit

13           rating; or

14           (ii) providing advice or assistance to any consumer with regard to

15           any activity or service described in clause (i) ...

16   24.    FDR is a CRO because it represents to consumers that it will "request that [the consumer's]

17   creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

18   'settled,' 'paid,' or 'settled for less than the full amount.'"

19   25.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

20           (a)(1) make any statement, or counsel or advise any consumer to

21           make any statement, which is untrue or misleading (or which, upon

22           the exercise of reasonable care, should be known by the credit repair

23           organization, officer, employee, agent, or other person to be untrue or

24           misleading) with respect to any consumer's credit worthiness, credit

25           standing, or credit capacity to--

26           (A) any consumer reporting agency (as defined in section 603(f) of

27           this Act);(7) or

28

8

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1     (B) any person--

2     (i) who has extended credit to the consumer; or

3     (ii) to whom the consumer has applied or is applying for an extension

4     of credit;

5     ...

6     (b) Payment in Advance.--No credit repair organization may charge

7     or receive any money or other valuable consideration for the

8     performance of any service which the credit repair organization has

9     agreed to perform for any consumer before such service is fully

10    performed.

11   26.   In violation of the CROA, FDR collects its fee in advance of providing any services. FDR

12  also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

13  in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received

14  less than full payment and would otherwise report a "charge off" of the remaining balance due or

15  continue to show a sum owing.

16                      **VI.**

17              **CLASS ALLEGATIONS**

18   27.   The relief sought in this complaint is the return of all monies FDR has collected from

19  consumers nationwide in violation of California law and in violation of the CROA.

20   28.   The persons for whose benefit this case is brought consists of thousands of individuals

21  whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the

22  amount of charges unlawfully collected by FDR can be calculated by reference to the payments

23  made by class members to FDR. Therefore, the repetitive testimony of each class members at trial

24  would be impracticable, unnecessary and an inefficient use of judicial resources. Moreover, the

25  exhaustive list of consumers that have paid FDR for debt reduction services is now within the

26  exclusive possession and control of Defendant and is not now known to Plaintiff, although the list

27  may readily be obtained using statutory discovery procedures.

28

<div align="center">9</div>

29.    Plaintiff seeks certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID FDR FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT AND WHO DID NOT RECEIVE A FULL REFUND." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiff's attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges.

30.    There are questions of law and fact common to all class members which predominate over individual questions. The common questions include, *inter alia*, the following:

(a)    Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

(b)    Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

(c)    Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

(d)    Whether FDR charged cancellation fees in violation of California Financial Code section 12314.1;

(e)    Whether FDR violated the CROA by requiring the advance payment of fees; and

(f)    Whether FDR violated the CROA by representing that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount.'"

31.    There are no material differences in the substantive laws to be applied to the claims of the class members. California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services.

32.    The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery.

33.    The representative Plaintiff was injured and lost money as a result of the acts of FDR, and

10

1    will fairly and adequately protect the interests of the class and has retained counsel competent and

2    experienced in similar class action litigations and other litigations on behalf of the general public.

3    34.    The conduct of FDR with respect to the collection of fees in violation of California

4    Financial Code sections 12200, 12314 and 12314.1 as more particularly described above, as well as

5    the violations of the CROA, are unlawful, unfair and deceptive business practices within the

6    meaning of California Business and Professions Code Section 17200 et seq. prohibiting such

7    practices. As a result of FDR's unlawful, unfair and deceptive business practices, FDR is liable to

8    make restitution of such charges, including interest on the liquidated sum from the date of payment

9    plus interest along with attorneys' fees and costs as determined by the Court. Plaintiff will amend

10    the Complaint at the time of trial to include additional consumers who are continuing to be subject

11    to FDR's unfair business practices until such time as the practice has been enjoined. Further,

12    Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is

13    issued to include additional persons who have been damaged by the unfair business practice of

14    FDR.

15    **VII.**

16    **ATTORNEYS' FEES**

17    35.    Upon prevailing, Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

18    this action against FDR because:

19    (a)    A successful outcome is this action will result in the enforcement of important rights

20    affecting the public interest by maintaining the integrity of California institutions that offer debt

21    reduction services nationwide;

22    (b)    This action will result in a significant benefit by causing the return of monies paid to FDR

23    by consumers which monies should not have been charged or collected by FDR, together with

24    interest on those monies;

25    (c)    This action will result in a significant benefit by preventing one of the largest debt

26    reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct

27    from its offices in California;

28

<center>11</center>

(d)    Unless this action is prosecuted, the general public will not recover those monies, and many members of the general public would not be aware that they were damaged by FDR's wrongful practices; and,

(e)    Unless the attorneys' fees and costs are awarded against FDR, the general public will not be fully redressed.

36.    Plaintiff is also entitled to an award of attorneys' fees and costs under the CROA which provides for an award of such fees in any successful action brought by a consumer, pursuant to 15 U.S.C. § 1679g.

## VIII.

### FIRST CAUSE OF ACTION

(Unfair Competition – Business & Professionals Code Section 17200)

37.    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs.

38.    California Business and professions Code Section 17200 prohibits any "unlawful...business act or practice." FDR engaged in unlawful acts or practices by, *inter alia*, charging Plaintiff and other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314.1, and by violating the CROA, all as more particularly described above.

39.    California Business and Professions Code Section 17200 also prohibits any "fraudulent business act or practice." Members of the public were and are likely to be deceived by FDR's business practices because FDR does not disclose that it is not licensed to act as a bill payer or prorater. Consumers are also likely to believe that FDR may contractually charge its retainer fees and service fees, even though those fees exceed those permitted by law.

40.    Business and Professions Code Section 17200 further prohibits any "unfair... business act or practice." As detailed in the preceding paragraphs, FDR's scheme has caused and continues to cause injury to unsuspecting consumers. As a result, FDR received an unfair competitive advantage through its practices in that FDR is receiving more money than competitors who comply with California Financial Code sections 12200, 12314 and 12314.1. Moreover, by concealing the fact that it is not properly licensed and that it charges more than permitted by law, FDR gained an

12

1  unfair competitive advantage over other services who did not engage in the same deceptive

2  conduct. As a result, FDR engaged in unfair business practices prohibited by California Business

3  & professions Code Section 17200, et seq.

4  41.    As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiff and

5  members of the Class have been injured in amounts to be proven at trial, and Defendants must be

6  ordered to reimburse these amounts to Plaintiff and members of the Class.

7  42.    Plaintiff was personally victimized by FDR's scheme and lost money as a result of the

8  scheme. Plaintiff has standing to bring this claim for violation of Business & Professions Code

9  because, as set forth hereinabove, Plaintiff (a) suffered injury in fact as a result of FDR's conduct,

10  (b) lost money as a result of FDR's practice, and (c) complies with the requirements of section 382

11  of the Code of Civil Procedure.

12                                    IX.

13                      SECOND CAUSE OF ACTION

14                        (Violation of the CROA)

15  43.    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs.

16  44.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

17              (a)(1) make any statement, or counsel or advise any consumer to

18              make any statement, which is untrue or misleading (or which, upon

19              the exercise of reasonable care, should be known by the credit repair

20              organization, officer, employee, agent, or other person to be untrue or

21              misleading) with respect to any consumer's credit worthiness, credit

22              standing, or credit capacity to--

23              (A) any consumer reporting agency (as defined in section 603(f) of

24              this Act);(7) or

25              (B) any person--

26              (i) who has extended credit to the consumer; or

27              (ii) to whom the consumer has applied or is applying for an extension

28                                    13

of credit;

...

(b) Payment in Advance.—No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed.

45.   In violation of the CROA, FDR collected its fee in advance of providing any services.   FDR also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received  less than full payment and would otherwise report a "charge off" of the remaining balance due or continue to show a sum owing.

## X.

## PRAYER

WHEREFORE, Plaintiff' and the other members of the Class request judgment against Defendants and each of them as follows:

<u>On the first cause of action</u>

1.       For restitution and/or disgorgement of all monies collected by FDR in violation of law for the Class and the Plaintiff, according to proof;

2.       For interest at the legal rate of interest on the foregoing sum;

3.       For an order declaring the practices of FDR constitute a violation of B&P Code section 17200;

<u>On the second cause of action</u>

4.       For actual damages, constituting all monies collected by FDR in violation of the CROA for the Class and the Plaintiff, according to proof, under 15 U.S.C. § 1679g;

5.       For punitive damages under 15 U.S.C. § 1679g;

14

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    <u>On all causes of action</u>

2    6.    For costs of suit herein incurred;

3    7.    For reasonable attorneys' fees allowed by law; and

4    8.    For such other further relief as the Court deems just and proper.

5

6    Dated: December 22, 2008

                                        David R. Markham
7                                       CLARK & MARKHAM

8                                       LAW OFFICES OF BARRON E. RAMOS
                                        Barron E. Ramos
9
                                        Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        15

1    **DEMAND FOR JURY TRIAL**

2    PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

5    Dated: December 23 2008                    CLARK & MARKHAM

6                                    By:    _____
                                            David R. Markham
7

8                                    LAW OFFICES OF BARRON E. RAMOS
                                     Barron E. Ramos
9
                                     Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    16
─────────────────────────────────────────────────────────────
CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES



**BY FAX**

SUM-100

### SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company; FREEDOM DEBT RELIEF, INC., a California corporation; FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
HAIDEE ESTRELLA, an individual, on behalf of herself, all others similarly situated, and on behalf of the general public,

| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
| --- |
| **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER<br><br>DEC 29 2008<br><br>ALAN CARLSON, Clerk of the Court<br><br>C Cepeda<br>BY C CEPEDA |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

30-2008

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Civil Complex West<br>751 W Santa Ana Blvd<br>Santa Ana, CA 92701 | CASE NUMBER:<br>(Número del Caso):<br>00233475 |
| --- | --- |

JUDGE GAIL A. ANDLER
DEPT. CX102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James M. Treglio, Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101

| DATE:<br>(Fecha) DEC 2 9 2008 | ALAN CARLSON | Clerk, by<br>(Secretario) | C Cepeda<br>CHANTEL CEPEDA | , Deputy<br>(Adjunto) |
| --- | --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Freedom Debt Relief, Inc.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

| | Page 1 of 1 |
| --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev January 1 2004] | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

2

BY FAX

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability
company; FREEDOM DEBT RELIEF, INC , a California corporation;
FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company
and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HAIDEE ESTRELLA, an individual, on behalf of herself, all others
similarly situated, and on behalf of the general public,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON  Clerk of the Court

BY: _____ C. CEPEDA _____ DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

30-2008

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Civil Complex West
751 W Santa Ana Blvd
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
00233475

JUDGE GAIL A. ANDLER
DEPT. CX102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James M. Treglio, Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101

DATE:
*(Fecha)*   DEC 29 2008   **ALAN CARLSON**   Clerk, by _____ **CHANTEL CEPEDA** _____, Deputy
                                          *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Freedom Financial Network, LLC

   under: ☑ CCP 416 10 (corporation)          ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)   ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev  January 1 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

BY FAX                                                    CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>CLARK & MARKHAM, LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER |

TELEPHONE NO: (619) 239-1321    FAX NO: (619) 239-5888
ATTORNEY FOR (Name): Plaintiff Haidee Estrella

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

**DEC 29 2008**

ALAN CARLSON Clerk of the Court

BY:    C. CEPEDA    DEPUTY

CASE NAME:
Estrella v. Freedom Debt Relief, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **30-2008**<br>**00233475** |

JUDGE: JUDGE GAIL A. ANDLER
DEPT: CX102

*Items 1–6 below must be completed (see instructions on page 2).*

1 Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2 This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a ☐ Large number of separately represented parties
- b ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c ☑ Substantial amount of documentary evidence
- d ☐ Large number of witnesses
- e ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f ☑ Substantial postjudgment judicial supervision

3 Remedies sought (check all that apply): a ☑ monetary  b ☑ nonmonetary; declaratory or injunctive relief  c ☑ punitive
4 Number of causes of action (specify)  Two: UCL and Federal Credit Repair Organization Act
5 This case ☑ is  ☐ is not  a class action suit
6 If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 23, 2008

James M. Treglio
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1  This information will be used to compile statistics about the types and numbers of cases filed  You must complete items 1 through 6 on the sheet  In item 1, you must check one box for the case type that best describes the case  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3 220 of the California Rules of Court

**To Parties in Rule 3.740 Collections Cases** A "collections case" under rule 3 740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading  A rule 3 740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3 740

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex  If a plaintiff believes the case is complex under rule 3 400 of the California Rules of Court  this must be indicated by completing the appropriate boxes in items 1 and 2  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation  a designation that the case is complex

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration  check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e g , slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e g , assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e g , discrimination
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e g  slander  libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed  open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e g , quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant  or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item  otherwise,*
    *report Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address):
James M. Treglio, Clark & Markham LLP
600 B Street, Suite 2130, San Diego, CA 92101

Telephone No.: (619) 239-1321          Fax No. (Optional): (619) 239-5888
E-Mail Address (Optional): jtreglio@clarkmarkham.com
ATTORNEY FOR (Name): Plaintiff Haidee Estrella
                                                    Bar No.: SBN 228077

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W Santa Ana Blvd , Bldg 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Haidee Estrella

DEFENDANT / RESPONDENT: Freedom Financial Network, et al

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF ORANGE |
| CIVIL COMPLEX LITIGATION CENTER |
| **DEC 29 2008** |
| ALAN CARLSON  Clerk of the Court |
| BY:    C. CEPEDA     , DEPUTY |

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*

CASE NUMBER:
**30-2008**
DEPT:  **00233475**
JUDGE:
STATUS CONFERENCE DATE  **JUDGE GAIL A ANDLER**
DEPT. CX102

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal App 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?
                                                                     Yes ____   No ✓

2 Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?
                                                                     Yes ____   No ✓

   If yes, explain relationship: _____

3 Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?
                                                                     Yes ____   No ✓

   If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?
                                                                     Yes ____   No ✓

   If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?
                                                                     Yes ____   No ✓

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

December 23, 2008
_____
DATE

_____
SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

BY FAX

1  **CLARK & MARKHAM LLP**
   David R. Markham (State Bar No. 071814)
2  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
3  600 "B" Street, Suite 2130
   San Diego, CA 92101
4  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
5
   **LAW OFFICES OF BARRON E. RAMOS**
6  Attorney at Law, A Professional Corporation
   Barron E. Ramos (State Bar No. 179620)
7  132 N. El Camino Real, # 303
   Encinitas, California 92024
8  Telephone: (760) 274-6438
   Facsimile: (760) 994-1354
9
10 Attorneys for plaintiffs and the Class

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF ORANGE**

13 HAIDEE ESTRELLA, an individual, on behalf ) Case No.
14 of herself, all others similarly situated, and on )
   behalf of the general public,                   )
15                                                  )
                        Plaintiff,                  )
16                                                  )
                                                    )
17              v.                                  )
                                                    )
18 FREEDOM FINANCIAL NETWORK, LLC, a )
   Delaware limited liability company;             )
19 FREEDOM DEBT RELIEF, INC., a California )
   corporation;                                    )
20 FREEDOM DEBT RELIEF, LLC, a Delaware )
   limited liability company;                      )
21 and DOES 1 through 100,                          )
                                                    )
22                     Defendants                   )
                                                    )
23 _____

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

**DEC 29 2008**

ALAN CARLSON  Clerk of the Court

BY:_____C. CEPEDA_____ DEPUTY

**30-2008**

**0 0 2 3 3 4 7 5**

**CLASS ACTION COMPLAINT FOR
UNLAWFUL, UNFAIR AND DECEPTIVE
BUSINESS PRACTICES AND FOR
VIOLATION OF THE CREDIT REPAIR
ORGANIZATION ACT (CROA)**

**JURY TRIAL DEMAND**

JUDGE GAIL A. ANDLER
DEPT CX102

24
25       Plaintiff HAIDEE ESTRELLA ("Plaintiff"), an individual on behalf of herself and on
26 behalf of all persons similarly situated and on behalf of the general public alleges the following on
27 information on belief:
28

*vertical text, left margin:* THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

1

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

## I.

## INTRODUCTION

1    This a class action for unfair, unlawful and deceptive business practices and for violation of the Credit Repair Organization Act (CROA), 15 U S C § 1679, et seq brought against Defendants FREEDOM FINANCIAL NEIWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC , a California corporation, FREEDOM DEBI RELIEF, LLC, a Delaware limited liability company (collectively "FDR"), and DOES 1 through 100  This action is based on Defendants' business pattern and practice of unfairly, unlawfully and deceptively collecting excessive and/or unlawful fees for debt reduction services in violation of California Financial Code sections 12200, 12314 and 12314 1, and for violation of the CROA.

2.    As set forth in detail below, FDR is currently subject to a cease and desist Order entered by the California Corporations Commissioner, Enforcement Division, dated May 29, 2008, attached hereto as Exhibit "A "  However, that cease and desist Order did not restore the millions of dollars unlawfully, deceptively and unfairly collected by FDR from unsuspecting customers  This action seeks to restore those monies to consumers and to obtain actual and punitive damages for FDR's violations of the CROA

## II.

## JURISDICTION & VENUE

3    Jurisdiction and venue are proper within this judicial district because (i) FDR transacts substantial business in this county, (ii) plaintiff, with whom FDR contracted, resides in this county, and (iii) the agreement entered into between FDR and plaintiff was executed in this county

## III.

## CHOICE OF LAW

4    FDR's form adhesion contract for services with plaintiff and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides] "  Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the

2

laws of the State of California as to all claims, except for the claim made under the CROA, which is governed by that statute.

## IV.

## PARTIES

5.    Plaintiff HAIDEE ESTRELLA is an individual with whom FDR contracted to provide debt reduction services.  Plaintiff brings this action as an individual on behalf of a class of similarly situated consumers and as a private attorney general on behalf of the general public, pursuant to California Business & Professions Code § 17204.  The claims of Plaintiff are typical and representative of the claims of the absent members of the Class in that FDR charged Plaintiff for FDR's services in excess of that permitted by California law and while acting without a license to perform the contracted services.  The claims are also typical in that FDR represented to plaintiff and the class, and continues to represent to consumers, that it provides services designed to alter a consumer's credit report.  The Plaintiff paid FDR fees for these services and thereby suffered a financial injury for which restitution and/or damages from FDR is required.

6.    Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC., a California corporation, and FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company (collectively "FDR") are now, and at all times mentioned herein, business entities authorized to do business and doing business in California. FDR is headquartered in San Mateo, California.

7.    Except as otherwise provided herein, Plaintiff seeks restitution on behalf of all persons that have paid a fee to FDR for debt reduction services during the four years preceding the filing of this complaint and who did not receive a full refund of such charges.

8.    Plaintiff is unaware of the true names and capacities of the remaining defendants sued in this action by the fictitious names DOES 1 through 100.  Such DOE defendants are named herein pursuant to C.C.P. § 474.  Plaintiff will amend her complaint when those names and/or capacities become known to Plaintiff.  Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

3

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

9.      Each of the above named Defendants agreed among themselves and with other third party co-conspirators to engage in a scheme for the purpose of increasing the revenues received by each of the Defendants. At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment. In doing the things alleged in the causes of actions stated herein each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

## V.

## SUBSTANTIVE ALLEGATIONS

10.     At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers. As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief. Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your debt levels."

Among other representations on their website, FDR claims the following:

*       Be debt free in as little as 12-36 months!

*       Lower debts down to as low as 50% of what you owe!

*       Service Fee Money Back Guarantee

*       Alternative to bankruptcy, debt consolidation or credit counseling

*       One Simple Monthly Payment

11.     Plaintiff contracted with FDR for debt reduction services on March 27, 2008. As part of the service agreement, FDR required that beginning on April 28, 2008 plaintiff budget $ 576 per month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees.

4

1   The agreement specified that plaintiff would pay "Retainer Fees" of $ 431 11 each month for a

2   period of four (4) months as well as additional "Service Fees" of $ 229 95 each month "until the

3   total Retainer and Service Fees of approximately 15% of debt are paid." Under the agreement, the

4   Retainer Fee was to equal 5% of the debt and the Service Fee equal to 10% of the debt

5   12.     After about two (2) months of payments into the FDR account, plaintiff decided to end her

6   relationship with FDR and cancel the agreement   FDR did not refund any of the monies it

7   collected from plaintiff

8   13,     On or about May 29, 2008, the Commissioner of the California Department of Corporations

9   found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers,

10  Bill Payers and Proraters Law, and that FDR was doing so without a license.  The Commissioner

11  also found that FDR was overcharging consumers in violation of California Financial Code

12  sections 12314 and 12314 1   FDR was ordered to cease and desist from engaging in business as a

13  bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease

14  and desist from violating California Financial Code sections 12314 and 12314 1.  A copy of that

15  Order is attached hereto as Exhibit A.

16  14.     A prorater is defined in California Financial Code section 12002.1 as follows:

17              A prorater is a person who, for compensation, engages in whole or in

18              part in the business of receiving money or evidences thereof for the

19              purpose of distributing the money or evidences thereof among

20              creditors in payment or partial payment of the obligations of the

21              debtor

22  15.     California Financial Code section 12200 proscribes acting as a prorater or bill payer

23  without first obtaining a license from the Commissioner:

24              No person shall engage in the business, for compensation, of selling

25              checks, drafts, money orders, or other commercial paper serving the

26              same purpose, or of receiving money as agent of an obligor for the

27              purpose of paying bills, invoices, or accounts of such obligor, or

28

5

1      acting as a prorater, nor shall any person, without direct

2      compensation and not as an authorized agent for a utility company,

3      accept money for the purpose of forwarding it to others in payment

4      of utility bills, without first obtaining a license from the

5      commissioner.

6   16   FDR is acting as a bill payer and/or prorater in the performance of its debt reduction

7   services since it is receiving monies for acting as an agent of the consumer for the purpose of

8   paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that

9   the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and

10  Attorney-In-Fact . . ."

11  17   California Financial Code section 12314 provides as follows:

12      The total charges received by a prorater, or any other person for the

13      prorater's services, may not exceed in the aggregate twelve percent

14      (12%) for the first three thousand dollars ($3,000), eleven percent

15      (11%) for the next two thousand dollars ($2,000), and ten percent

16      (10%) for any of the remaining payments distributed by a prorater to

17      the creditors of a debtor, except for payments made on recurrent

18      obligations  Recurring obligations shall be defined for the purpose of

19      this section as follows: current rent payments, current utility

20      payments, current telephone bills, current alimony payments, current

21      monthly insurance premium payments, and payments made on

22      obligations which are secured by a first mortgage or first deed of

23      trust on real property

24      (a) Notwithstanding the provisions of Section 12315, upon

25      compliance with the provisions of Sections 12315.1, and 12320, an

26      origination fee of a sum not to exceed fifty dollars ($50) may be

27      charged;

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1       (b) A fee not to exceed four dollars ($4) per disbursement on

2       recurring obligations, consisting of current rent payments or

3       obligations which are secured by a first mortgage or first trust deed

4       on real property, may be charged

5       (c)   A fee not to exceed one dollar ($1) on other recurring

6       obligations.  When a debtor has not canceled or defaulted on the

7       performance of his contract with the prorater within 12 months after

8       execution of the prorate contract, the prorater shall refund any

9       origination fee charged to the debtor.  At least once each month the

10      prorater shall pay not less than 70 percent of all funds received from

11      the debtor to the creditors of the debtor.

12  18    FDR violated California Financial Code section 12314 by charging more than $ 50 as a

13  retainer fee, and by contracting to charge more than twelve percent (12%) for the first three

14  thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten

15  percent (10%) for any of the remaining payments distributed.

16  19.   California Financial Code section 12314.1 provides as follows:

17       A cancellation fee or termination penalty may not be charged to a

18       debtor

19  20.    FDR violated California Financial Code section 12314.1 by keeping plaintiff's monies as a

20  cancellation or termination fee

21  21    In addition to providing debt reduction services, FDR also represents to consumers that it

22  will "request that [the consumer's] creditors report to the credit rating bureaus that [the

23  consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full

24  amount.'"  FDR thus represents to consumers that it will attempt to alter the consumer's credit

25  report as part of FDR's services

26  22    The CROA, found at 15 U.S.C. § 1679, et seq, prohibits a variety of false and misleading

27  statements, as well as fraud by credit repair organizations (CROs).  CROs may not receive payment

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1   before any promised service is "fully performed." Services must be under written contract, which

2   must include a detailed description of the services and contract performance time. CROs must

3   provide the consumer with a separate written disclosure statement describing the consumer's rights

4   before entering into the contract. Consumers can sue to recover the greater of the amount paid or

5   actual damages, punitive damages, costs, and attorney's fees for violations of the CROA.

6   23.     As used in the CROA, a CRO under 15 U.S.C. § 1679a:

7               (A) means any person who uses any instrumentality of interstate

8               commerce or the mails to sell, provide, or perform (or represent that

9               such person can or will sell, provide, or perform) any service, in

10              return for the payment of money or other valuable consideration, for

11              the express or implied purpose of--

12                  (i) improving any consumer's credit record, credit history, or credit

13                  rating; or

14                  (ii) providing advice or assistance to any consumer with regard to

15                  any activity or service described in clause (i)

16  24.     FDR is a CRO because it represents to consumers that it will "request that [the consumer's]

17  creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

18  'settled,' 'paid,' or 'settled for less than the full amount.'"

19  25.     Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

20                  (a)(1) make any statement, or counsel or advise any consumer to

21                  make any statement, which is untrue or misleading (or which, upon

22                  the exercise of reasonable care, should be known by the credit repair

23                  organization, officer, employee, agent, or other person to be untrue or

24                  misleading) with respect to any consumer's credit worthiness, credit

25                  standing, or credit capacity to--

26                  (A) any consumer reporting agency (as defined in section 603(f) of

27                  this Act);(7) or

28                                          8

1    (B) any person--

2    (i) who has extended credit to the consumer; or

3    (ii) to whom the consumer has applied or is applying for an extension

4    of credit;

5

6    (b) Payment in Advance --No credit repair organization may charge

7    or receive any money or other valuable consideration for the

8    performance of any service which the credit repair organization has

9    agreed to perform for any consumer before such service is fully

10    performed.

11    26    In violation of the CROA, FDR collects its fee in advance of providing any services  FDR

12    also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

13    in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received

14    less than full payment and would otherwise report a "charge off" of the remaining balance due or

15    continue to show a sum owing.

16                                VI.

17                        CLASS ALLEGATIONS

18    27    The relief sought in this complaint is the return of all monies FDR has collected from

19    consumers nationwide in violation of California law and in violation of the CROA

20    28    The persons for whose benefit this case is brought consists of thousands of individuals

21    whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the

22    amount of charges unlawfully collected by FDR can be calculated by reference to the payments

23    made by class members to FDR  Therefore, the repetitive testimony of each class members at trial

24    would be impracticable, unnecessary and an inefficient use of judicial resources.  Moreover, the

25    exhaustive list of consumers that have paid FDR for debt reduction services is now within the

26    exclusive possession and control of Defendant and is not now known to Plaintiff, although the list

27    may readily be obtained using statutory discovery procedures

28

9

29    Plaintiff seeks certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID FDR FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT AND WHO DID NOT RECEIVE A FULL REFUND." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiff's attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges

30    There are questions of law and fact common to all class members which predominate over individual questions. The common questions include, *inter alia*, the following:

(a)    Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

(b)    Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

(c)    Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

(d)    Whether FDR charged cancellation fees in violation of California Financial Code section 12314.1;

(e)    Whether FDR violated the CROA by requiring the advance payment of fees; and

(f)    Whether FDR violated the CROA by representing that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount '"

31.    There are no material differences in the substantive laws to be applied to the claims of the class members. California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services

32    The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery

33    The representative Plaintiff was injured and lost money as a result of the acts of FDR, and

10

1  will fairly and adequately protect the interests of the class and has retained counsel competent and

2  experienced in similar class action litigations and other litigations on behalf of the general public

3  34    The conduct of FDR with respect to the collection of fees in violation of California

4  Financial Code sections 12200, 12314 and 12314 1 as more particularly described above, as well as

5  the violations of the CROA, are unlawful, unfair and deceptive business practices within the

6  meaning of California Business and Professions Code Section 17200 et seq prohibiting such

7  practices  As a result of FDR's unlawful, unfair and deceptive business practices, FDR is liable to

8  make restitution of such charges, including interest on the liquidated sum from the date of payment

9  plus interest along with attorneys' fees and costs as determined by the Court  Plaintiff will amend

10  the Complaint at the time of trial to include additional consumers who are continuing to be subject

11  to FDR's unfair business practices until such time as the practice has been enjoined  Further,

12  Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is

13  issued to include additional persons who have been damaged by the unfair business practice of

14  FDR

15                                         VII.

16                              ATTORNEYS' FEES

17  35    Upon prevailing, Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

18  this action against FDR because:

19  (a)    A successful outcome is this action will result in the enforcement of important rights

20  affecting the public interest by maintaining the integrity of California institutions that offer debt

21  reduction services nationwide;

22  (b)    This action will result in a significant benefit by causing the return of monies paid to FDR

23  by consumers which monies should not have been charged or collected by FDR, together with

24  interest on those monies;

25  (c)    This action will result in a significant benefit by preventing one of the largest debt

26  reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct

27  from its offices in California;

28                                          11

1  (d) Unless this action is prosecuted, the general public will not recover those monies, and many

2  members of the general public would not be aware that they were damaged by FDR's wrongful

3  practices; and,

4  (e) Unless the attorneys' fees and costs are awarded against FDR, the general public will not be

5  fully redressed

6  36  Plaintiff is also entitled to an award of attorneys' fees and costs under the CROA which

7  provides for an award of such fees in any successful action brought by a consumer, pursuant to 15

8  U S C § 1679g

9  **VIII.**

10  **FIRST CAUSE OF ACTION**

11  (Unfair Competition – Business & Professionals Code Section 17200)

12  37  Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

13  38  California Business and professions Code Section 17200 prohibits any "unlawful  business

14  act or practice." FDR engaged in unlawful acts or practices by, *inter alia*, charging Plaintiff and

15  other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314 1,

16  and by violating the CROA, all as more particularly described above

17  39  California Business and Professions Code Section 17200 also prohibits any "fraudulent

18  business act or practice." Members of the public were and are likely to be deceived by FDR's

19  business practices because FDR does not disclose that it is not licensed to act as a bill payer or

20  prorater  Consumers are also likely to believe that FDR may contractually charge its retainer fees

21  and service fees, even though those fees exceed those permitted by law

22  40  Business and Professions Code Section 17200 further prohibits any "unfair  business act

23  or practice." As detailed in the preceding paragraphs, FDR's scheme has caused and continues to

24  cause injury to unsuspecting consumers  As a result, FDR received an unfair competitive

25  advantage through its practices in that FDR is receiving more money than competitors who comply

26  with California Financial Code sections 12200, 12314 and 12314 1  Moreover, by concealing the

27  fact that it is not properly licensed and that it charges more than permitted by law, FDR gained an

28

12

1  unfair competitive advantage over other services who did not engage in the same deceptive

2  conduct  As a result, FDR engaged in unfair business practices prohibited by California Business

3  & professions Code Section 17200, et seq

4  41.  As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiff and

5  members of the Class have been injured in amounts to be proven at trial, and Defendants must be

6  ordered to reimburse these amounts to Plaintiff and members of the Class

7  42  Plaintiff was personally victimized by FDR's scheme and lost money as a result of the

8  scheme.  Plaintiff has standing to bring this claim for violation of Business & Professions Code

9  because, as set forth hereinabove, Plaintiff (a) suffered injury in fact as a result of FDR's conduct,

10 (b) lost money as a result of FDR's practice, and (c) complies with the requirements of section 382

11 of the Code of Civil Procedure.

12                                    IX.

13                        SECOND CAUSE OF ACTION

14                         (Violation of the CROA)

15 43.  Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

16 44.  Under 15 U S C  § 1679b, the CROA proscribes certain conduct by CROs, including:

17            (a)(1) make any statement, or counsel or advise any consumer to

18            make any statement, which is untrue or misleading (or which, upon

19            the exercise of reasonable care, should be known by the credit repair

20            organization, officer, employee, agent, or other person to be untrue or

21            misleading) with respect to any consumer's credit worthiness, credit

22            standing, or credit capacity to--

23            (A) any consumer reporting agency (as defined in section 603(f) of

24            this Act);(7) or

25            (B) any person--

26            (i) who has extended credit to the consumer; or

27            (ii) to whom the consumer has applied or is applying for an extension

28                                    13

1    of credit;

2

3        (b) Payment in Advance.—No credit repair organization may charge

4        or receive any money or other valuable consideration for the

5        performance of any service which the credit repair organization has

6        agreed to perform for any consumer before such service is fully

7        performed.

8    45    In violation of the CROA, FDR collected its fee in advance of providing any services. FDR

9    also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

10   in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received less

11   than full payment and would otherwise report a "charge off" of the remaining balance due or

12   continue to show a sum owing.

13                                         X.

14                                      PRAYER

15   WHEREFORE, Plaintiff and the other members of the Class request judgment against Defendants

16   and each of them as follows:

17   On the first cause of action

18   1        For restitution and/or disgorgement of all monies collected by FDR in violation of law for

19   the Class and the Plaintiff, according to proof;

20   2        For interest at the legal rate of interest on the foregoing sum;

21   3        For an order declaring the practices of FDR constitute a violation of B&P Code section

22   17200;

23   On the second cause of action

24   4        For actual damages, constituting all monies collected by FDR in violation of the CROA for

25   the Class and the Plaintiff, according to proof, under 15 U.S.C. § 1679g;

26   5        For punitive damages under 15 U.S.C. § 1679g;

27

28                                         14
─────────────────────────────────────────────────────────
CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

On all causes of action

6       For costs of suit herein incurred;

7       For reasonable attorneys' fees allowed by law; and

8       For such other further relief as the Court deems just and proper

Dated: December 22, 2008

David R. Markham
CLARK & MARKHAM

LAW OFFICES OF BARRON E. RAMOS
Barron E. Ramos

Attorneys for Plaintiff

15

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: December 22, 2008

CLARK & MARKHAM

By: _____
David R. Markham

LAW OFFICES OF BARRON E. RAMOS
Barron E. Ramos

Attorneys for Plaintiff

16

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

BY FAX

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability
company; FREEDOM DEBT RELIEF, INC, a California corporation;
FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company;
and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAIDEE ESTRELLA, an individual, on behalf of herself, all others
similarly situated, and on behalf of the general public,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON Clerk of the Court

BY: C. CEPEDA DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

30-2008

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Civil Complex West<br>751 W Santa Ana Blvd<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>00233475 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JUDGE GAIL A. ANDLER
DEPT CX102

James M Treglio, Clark & Markham LLP, 600 B Street, Suite 2130, San Diego CA 92101

| DATE:<br>*(Fecha)*<br>DEC 29 2008 | ALAN CARLSON | Clerk, by<br>*(Secretario)* | CHANTEL CEPEDA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Freedom Debt Relief, LLC
   under: ☑ CCP 416 10 (corporation)    ☐ CCP 416 60 (minor)
   ☐ CCP 416 20 (defunct corporation)    ☐ CCP 416 70 (conservatee)
   ☐ CCP 416 40 (association or partnership)    ☐ CCP 416 90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>CLARK & MARKHAM, LLP.<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO: (619) 239-1321     FAX NO: (619) 239-5888<br>ATTORNEY FOR (Name): Plaintiff Haidee Estrella | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER<br><br>DEC 29 2008<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:   C. CEPEDA          DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

CASE NAME:
Estrella v. Freedom Debt Relief, et al

CASE NUMBER:   30-2008

00233475

JUDGE: JUDGE GAIL A. ANDLER
DEPT: DEPT. CX102

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify)  Two: UCL and Federal Credit Repair Organization Act
5. This case ☑ is   ☐ is not   a class action suit
6. If there are any known related cases, file and serve a notice of related case (You may use form CM-015)

Date: December 23, 2008
James M. Treglio
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*<br>Janice M. Treglio, Clark & Markham LLP<br>600 B Street, Suite 2130, San Diego, CA 92101<br><br>Telephone No.: (619) 239-1321        Fax No (Optional): (619) 239-5888<br>E-Mail Address (Optional): jtreglio@clarkmarkham.com<br>ATTORNEY FOR *(Name)*: Plaintiff Haidee Estrella<br>Bar No: SBN 228077 | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER<br><br>**DEC 29 2008**<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:     C. CEPEDA          ,DEPUTY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W Santa Ana Blvd , Bldg 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Haidee Estrella

DEFENDANT / RESPONDENT: Freedom Financial Network, et al

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER:<br>**30-2008**<br><br>DEPT:   **0 0 2 3 3 4 7 5**<br>JUDGE:<br>STATUS CONFERENCE DATE **JUDGE GAIL A. ANDLER**<br>DEPT. CX102 |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal App 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1.  Is any proposed class representative an attorney?                              Yes _____   No __✓__

2   Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?                  Yes _____   No __✓__

    If yes, explain relationship: _____

3   Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?                                             Yes _____   No __✓__

    If yes, explain: _____

4.  Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?                          Yes _____   No __✓__

    If yes, explain relationship: _____

5.  If there is co-counsel, have the attorneys been co-counsel in other class actions?                                                          Yes _____   No __✓__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

December 23, 2008
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2008]

BY FAX

1  **CLARK & MARKHAM LLP**
   David R. Markham (State Bar No. 071814)
2  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
3  600 "B" Street, Suite 2130
   San Diego, CA 92101
4  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
5
6  **LAW OFFICES OF BARRON E. RAMOS**
   Attorney at Law, A Professional Corporation
   Barron E. Ramos (State Bar No 179620)
7  132 N El Camino Real, # 303
   Encinitas, California 92024
8  Telephone: (760) 274-6438
   Facsimile: (760) 994-1354
9
   Attorneys for plaintiffs and the Class
10

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON  Clerk of the Court

BY: _____ C. CEPEDA _____ DEPUTY

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF ORANGE**

13

14  HAIDEE ESIRELLA, an individual, on behalf   )  Case No.
    of herself, all others similarly situated, and on  )
15  behalf of the general public,              )
                                               )
16              Plaintiff,                      )
                                               )
17         v.                                  )
                                               )
18  FREEDOM FINANCIAL NETWORK, LLC, a          )
    Delaware limited liability company;        )
19  FREEDOM DEBT RELIEF, INC, a California      )
    corporation;                               )
20  FREEDOM DEBT RELIEF, LLC, a Delaware        )
    limited liability company;                 )
21  and DOES 1 through 100,                     )
                                               )
22              Defendants                      )
                                               )
23  _____)

**30-2008**

**0 0 2 3 3 4 7 5**

**CLASS ACTION COMPLAINT FOR
UNLAWFUL, UNFAIR AND DECEPTIVE
BUSINESS PRACTICES AND FOR
VIOLATION OF THE CREDIT REPAIR
ORGANIZATION ACT (CROA)**

**JURY TRIAL DEMAND**

JUDGE GAIL A. ANDLER
DEPT CX102

24

25      Plaintiff HAIDEE ESIRELLA ("Plaintiff"), an individual on behalf of herself and on

26  behalf of all persons similarly situated and on behalf of the general public alleges the following on

27  information on belief:

28

*(left margin, rotated text)* THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

1

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

# I.

## INTRODUCTION

1      This a class action for unfair, unlawful and deceptive business practices and for violation of the Credit Repair Organization Act (CROA), 15 U.S.C. § 1679, et seq brought against Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC., a California corporation, FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company (collectively "FDR"), and DOES 1 through 100  This action is based on Defendants' business pattern and practice of unfairly, unlawfully and deceptively collecting excessive and/or unlawful fees for debt reduction services in violation of California Financial Code sections 12200, 12314 and 12314 1, and for violation of the CROA.

2.      As set forth in detail below, FDR is currently subject to a cease and desist Order entered by the California Corporations Commissioner, Enforcement Division, dated May 29, 2008, attached hereto as Exhibit "A."  However, that cease and desist Order did not restore the millions of dollars unlawfully, deceptively and unfairly collected by FDR from unsuspecting customers  This action seeks to restore those monies to consumers and to obtain actual and punitive damages for FDR's violations of the CROA

# II.

## JURISDICTION & VENUE

3      Jurisdiction and venue are proper within this judicial district because (i) FDR transacts substantial business in this county, (ii) plaintiff, with whom FDR contracted, resides in this county, and (iii) the agreement entered into between FDR and plaintiff was executed in this county

# III.

## CHOICE OF LAW

4      FDR's form adhesion contract for services with plaintiff and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides]"  Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the

2

1    laws of the State of California as to all claims, except for the claim made under the CROA, which

2    is governed by that statute.

<div align="center">IV.</div>

<div align="center">PARTIES</div>

5    5.    Plaintiff HAIDEE ESTRELLA is an individual with whom FDR contracted to provide debt

6 reduction services. Plaintiff brings this action as an individual on behalf of a class of similarly

7 situated consumers and as a private attorney general on behalf of the general public, pursuant to

8 California Business & Professions Code § 17204. The claims of Plaintiff are typical and

9 representative of the claims of the absent members of the Class in that FDR charged Plaintiff for

10 FDR's services in excess of that permitted by California law and while acting without a license to

11 perform the contracted services. The claims are also typical in that FDR represented to plaintiff

12 and the class, and continues to represent to consumers, that it provides services designed to alter a

13 consumer's credit report. The Plaintiff paid FDR fees for these services and thereby suffered a

14 financial injury for which restitution and/or damages from FDR is required.

15    6.    Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability

16 company, FREEDOM DEBT RELIEF, INC., a California corporation, and FREEDOM DEBT

17 RELIEF, LLC, a Delaware limited liability company (collectively "FDR") are now, and at all times

18 mentioned herein, business entities authorized to do business and doing business in California.

19 FDR is headquartered in San Mateo, California.

20    7.    Except as otherwise provided herein, Plaintiff seeks restitution on behalf of all persons that

21 have paid a fee to FDR for debt reduction services during the four years preceding the filing of this

22 complaint and who did not receive a full refund of such charges.

23    8.    Plaintiff is unaware of the true names and capacities of the remaining defendants sued in

24 this action by the fictitious names DOES 1 through 100. Such DOE defendants are named herein

25 pursuant to C.C.P. § 474. Plaintiff will amend her complaint when those names and/or capacities

26 become known to Plaintiff. Plaintiff is informed and believes that each of the fictitiously named

27 defendants is in some manner responsible for the events and allegations set forth in this complaint.

28

<div align="center">3</div>

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

9       Each of the above named Defendants agreed among themselves and with other third party co-conspirators to engage in a scheme for the purpose of increasing the revenues received by each of the Defendants.  At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment.  In doing the things alleged in the causes of actions stated herein each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants.  All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

## V.

## SUBSTANTIVE ALLEGATIONS

10.     At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers.  As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief.  Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your debt levels."

Among other representations on their website, FDR claims the following:

* Be debt free in as little as 12-36 months!
* Lower debts down to as low as 50% of what you owe!
* Service Fee Money Back Guarantee
* Alternative to bankruptcy, debt consolidation or credit counseling
* One Simple Monthly Payment

11      Plaintiff contracted with FDR for debt reduction services on March 27, 2008  As part of the service agreement, FDR required that beginning on April 28, 2008 plaintiff budget $ 576 per month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees.

4

1    The agreement specified that plaintiff would pay "Retainer Fees" of $ 431.11 each month for a

2    period of four (4) months as well as additional "Service Fees" of $ 229.95 each month "until the

3    total Retainer and Service Fees of approximately 15% of debt are paid." Under the agreement, the

4    Retainer Fee was to equal 5% of the debt and the Service Fee equal to 10% of the debt.

5    12.    After about two (2) months of payments into the FDR account, plaintiff decided to end her

6    relationship with FDR and cancel the agreement.  FDR did not refund any of the monies it

7    collected from plaintiff.

8    13,    On or about May 29, 2008, the Commissioner of the California Department of Corporations

9    found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers,

10   Bill Payers and Proraters Law, and that FDR was doing so without a license.  The Commissioner

11   also found that FDR was overcharging consumers in violation of California Financial Code

12   sections 12314 and 12314.1  FDR was ordered to cease and desist from engaging in business as a

13   bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease

14   and desist from violating California Financial Code sections 12314 and 12314.1.  A copy of that

15   Order is attached hereto as Exhibit A.

16   14.    A prorater is defined in California Financial Code section 12002.1 as follows:

17              A prorater is a person who, for compensation, engages in whole or in

18              part in the business of receiving money or evidences thereof for the

19              purpose of distributing the money or evidences thereof among

20              creditors in payment or partial payment of the obligations of the

21              debtor

22   15.    California Financial Code section 12200 proscribes acting as a prorater or bill payer

23   without first obtaining a license from the Commissioner:

24              No person shall engage in the business, for compensation, of selling

25              checks, drafts, money orders, or other commercial paper serving the

26              same purpose, or of receiving money as agent of an obligor for the

27              purpose of paying bills, invoices, or accounts of such obligor, or

28
                                                5

1  acting as a prorater, nor shall any person, without direct
2  compensation and not as an authorized agent for a utility company,
3  accept money for the purpose of forwarding it to others in payment
4  of utility bills, without first obtaining a license from the
5  commissioner.

6  16    FDR is acting as a bill payer and/or prorater in the performance of its debt reduction
7  services since it is receiving monies for acting as an agent of the consumer for the purpose of
8  paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that
9  the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and
10 Attorney-In-Fact . . ."

11 17    California Financial Code section 12314 provides as follows:

12     The total charges received by a prorater, or any other person for the
13     prorater's services, may not exceed in the aggregate twelve percent
14     (12%) for the first three thousand dollars ($3,000), eleven percent
15     (11%) for the next two thousand dollars ($2,000), and ten percent
16     (10%) for any of the remaining payments distributed by a prorater to
17     the creditors of a debtor, except for payments made on recurrent
18     obligations. Recurring obligations shall be defined for the purpose of
19     this section as follows: current rent payments, current utility
20     payments, current telephone bills, current alimony payments, current
21     monthly insurance premium payments, and payments made on
22     obligations which are secured by a first mortgage or first deed of
23     trust on real property.
24     (a) Notwithstanding the provisions of Section 12315, upon
25     compliance with the provisions of Sections 12315.1, and 12320, an
26     origination fee of a sum not to exceed fifty dollars ($50) may be
27     charged;

28
6
CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    (b) A fee not to exceed four dollars ($4) per disbursement on

2    recurring obligations, consisting of current rent payments or

3    obligations which are secured by a first mortgage or first trust deed

4    on real property, may be charged

5    (c)    A fee not to exceed one dollar ($1) on other recurring

6    obligations.    When a debtor has not canceled or defaulted on the

7    performance of his contract with the prorater within 12 months after

8    execution of the prorate contract, the prorater shall refund any

9    origination fee charged to the debtor.    At least once each month the

10   prorater shall pay not less than 70 percent of all funds received from

11   the debtor to the creditors of the debtor.

12   18    FDR violated California Financial Code section 12314 by charging more than $ 50 as a

13   retainer fee, and by contracting to charge more than twelve percent (12%) for the first three

14   thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten

15   percent (10%) for any of the remaining payments distributed.

16   19    California Financial Code section 12314.1 provides as follows:

17   A cancellation fee or termination penalty may not be charged to a

18   debtor

19   20.    FDR violated California Financial Code section 12314.1 by keeping plaintiff's monies as a

20   cancellation or termination fee

21   21    In addition to providing debt reduction services, FDR also represents to consumers that it

22   will "request that [the consumer's] creditors report to the credit rating bureaus that [the

23   consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full

24   amount.'"    FDR thus represents to consumers that it will attempt to alter the consumer's credit

25   report as part of FDR's services

26   22    The CROA, found at 15 U.S.C. § 1679, et. seq, prohibits a variety of false and misleading

27   statements, as well as fraud by credit repair organizations (CROs).    CROs may not receive payment

28

7

1  before any promised service is "fully performed." Services must be under written contract, which

2  must include a detailed description of the services and contract performance time. CROs must

3  provide the consumer with a separate written disclosure statement describing the consumer's rights

4  before entering into the contract. Consumers can sue to recover the greater of the amount paid or

5  actual damages, punitive damages, costs, and attorney's fees for violations of the CROA.

6  23    As used in the CROA, a CRO under 15 U.S.C § 1679a:

7          (A) means any person who uses any instrumentality of interstate

8          commerce or the mails to sell, provide, or perform (or represent that

9          such person can or will sell, provide, or perform) any service, in

10         return for the payment of money or other valuable consideration, for

11         the express or implied purpose of--

12              (i) improving any consumer's credit record, credit history, or credit

13              rating; or

14              (ii) providing advice or assistance to any consumer with regard to

15              any activity or service described in clause (i)

16 24.    FDR is a CRO because it represents to consumers that it will "request that [the consumer's]

17 creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

18 'settled,' 'paid,' or 'settled for less than the full amount'"

19 25.    Under 15 U.S.C § 1679b, the CROA proscribes certain conduct by CROs, including:

20         (a)(I) make any statement, or counsel or advise any consumer to

21         make any statement, which is untrue or misleading (or which, upon

22         the exercise of reasonable care, should be known by the credit repair

23         organization, officer, employee, agent, or other person to be untrue or

24         misleading) with respect to any consumer's credit worthiness, credit

25         standing, or credit capacity to--

26         (A) any consumer reporting agency (as defined in section 603(f) of

27         this Act);(7) or

28
CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

(B) any person--

(i) who has extended credit to the consumer; or

(ii) to whom the consumer has applied or is applying for an extension

of credit;

(b) Payment in Advance --No credit repair organization may charge
or receive any money or other valuable consideration for the
performance of any service which the credit repair organization has
agreed to perform for any consumer before such service is fully
performed.

26    In violation of the CROA, FDR collects its fee in advance of providing any services  FDR
also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled
in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received
less than full payment and would otherwise report a "charge off" of the remaining balance due or
continue to show a sum owing.

## VI.

## CLASS ALLEGATIONS

27.    The relief sought in this complaint is the return of all monies FDR has collected from
consumers nationwide in violation of California law and in violation of the CROA

28.    The persons for whose benefit this case is brought consists of thousands of individuals
whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the
amount of charges unlawfully collected by FDR can be calculated by reference to the payments
made by class members to FDR  Therefore, the repetitive testimony of each class members at trial
would be impracticable, unnecessary and an inefficient use of judicial resources.  Moreover, the
exhaustive list of consumers that have paid FDR for debt reduction services is now within the
exclusive possession and control of Defendant and is not now known to Plaintiff, although the list
may readily be obtained using statutory discovery procedures

9

1    29    Plaintiff seeks certification of the following class of consumers: "ALL CONSUMERS

2    NATIONWIDE WHO PAID FDR FOR DEBT REDUCTION SERVICES DURING THE FOUR

3    YEARS PRECEDING THE FILING OF THE COMPLAINT AND WHO DID NOT RECEIVE A

4    FULL REFUND." Excluded from the Class are all Defendants and all agents, attorneys, and

5    employees of Defendants; all members of the California judiciary sitting in judgment of this case;

6    and, plaintiff's attorneys and their employees; and, all other persons within three degrees of

7    consanguinity of the named Defendants, attorneys, employees and judges  .

8    30    There are questions of law and fact common to all class members which predominate over

9    individual questions  The common questions include, *inter alia*, the following:

10    (a)    Whether FDR was properly licensed during the class period to act as a bill payer or prorater

11    under California Financial Code section 12200;

12    (b)    Whether FDR charged retainer fees in excess of that permitted by California Financial

13    Code section 12314;

14    (c)    Whether FDR charged service fees in excess of that permitted by California Financial Code

15    section 12314;

16    (d)    Whether FDR charged cancellation fees in violation of California Financial Code section

17    12314.1;

18    (e)    Whether FDR violated the CROA by requiring the advance payment of fees; and

19    (f)    Whether FDR violated the CROA by representing that it will "request that [the consumer's]

20    creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

21    'settled,' 'paid,' or 'settled for less than the full amount '"

22    31.    There are no material differences in the substantive laws to be applied to the claims of the

23    class members  California law and the CROA are appropriately applied to all claims pursuant to

24    FDR's contract for services

25    32    The names and addresses of all class members entitled to restitution and/or damages are

26    ascertainable from the records of FDR and can be obtained in discovery.

27    33    The representative Plaintiff was injured and lost money as a result of the acts of FDR, and

28

<div align="center">10</div>

1    will fairly and adequately protect the interests of the class and has retained counsel competent and

2    experienced in similar class action litigations and other litigations on behalf of the general public

3    34    The conduct of FDR with respect to the collection of fees in violation of California

4    Financial Code sections 12200, 12314 and 12314.1 as more particularly described above, as well as

5    the violations of the CROA, are unlawful, unfair and deceptive business practices within the

6    meaning of California Business and Professions Code Section 17200 et seq prohibiting such

7    practices  As a result of FDR's unlawful, unfair and deceptive business practices, FDR is liable to

8    make restitution of such charges, including interest on the liquidated sum from the date of payment

9    plus interest along with attorneys' fees and costs as determined by the Court  Plaintiff will amend

10   the Complaint at the time of trial to include additional consumers who are continuing to be subject

11   to FDR's unfair business practices until such time as the practice has been enjoined  Further,

12   Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is

13   issued to include additional persons who have been damaged by the unfair business practice of

14   FDR

15                                          VII.

16                              ATTORNEYS' FEES

17   35    Upon prevailing, Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

18   this action against FDR because:

19   (a)    A successful outcome is this action will result in the enforcement of important rights

20   affecting the public interest by maintaining the integrity of California institutions that offer debt

21   reduction services nationwide;

22   (b)    This action will result in a significant benefit by causing the return of monies paid to FDR

23   by consumers which monies should not have been charged or collected by FDR, together with

24   interest on those monies;

25   (c)    This action will result in a significant benefit by preventing one of the largest debt

26   reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct

27   from its offices in California;

28

                                        11

(d)     Unless this action is prosecuted, the general public will not recover those monies, and many members of the general public would not be aware that they were damaged by FDR's wrongful practices; and,

(e)     Unless the attorneys' fees and costs are awarded against FDR, the general public will not be fully redressed

36     Plaintiff is also entitled to an award of attorneys' fees and costs under the CROA which provides for an award of such fees in any successful action brought by a consumer, pursuant to 15 U S C § 1679g

**VIII.**

**FIRST CAUSE OF ACTION**

(Unfair Competition – Business & Professionals Code Section 17200)

37     Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

38     California Business and professions Code Section 17200 prohibits any "unlawful   business act or practice."  FDR engaged in unlawful acts or practices by, *inter alia*, charging Plaintiff and other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314.1, and by violating the CROA, all as more particularly described above

39     California Business and Professions Code Section 17200 also prohibits any "fraudulent business act or practice." Members of the public were and are likely to be deceived by FDR's business practices because FDR does not disclose that it is not licensed to act as a bill payer or prorater  Consumers are also likely to believe that FDR may contractually charge its retainer fees and service fees, even though those fees exceed those permitted by law.

40     Business and Professions Code Section 17200 further prohibits any "unfair . business act or practice."  As detailed in the preceding paragraphs, FDR's scheme has caused and continues to cause injury to unsuspecting consumers   As a result, FDR received an unfair competitive advantage through its practices in that FDR is receiving more money than competitors who comply with California Financial Code sections 12200, 12314 and 12314.1   Moreover, by concealing the fact that it is not properly licensed and that it charges more than permitted by law, FDR gained an

12

1 unfair competitive advantage over other services who did not engage in the same deceptive

2 conduct  As a result, FDR engaged in unfair business practices prohibited by California Business

3 & professions Code Section 17200, et seq

4 41.    As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiff and

5 members of the Class have been injured in amounts to be proven at trial, and Defendants must be

6 ordered to reimburse these amounts to Plaintiff and members of the Class

7 42    Plaintiff was personally victimized by FDR's scheme and lost money as a result of the

8 scheme  Plaintiff has standing to bring this claim for violation of Business & Professions Code

9 because, as set forth hereinabove, Plaintiff (a) suffered injury in fact as a result of FDR's conduct,

10 (b) lost money as a result of FDR's practice, and (c) complies with the requirements of section 382

11 of the Code of Civil Procedure.

### IX.

### SECOND CAUSE OF ACTION

#### (Violation of the CROA)

15 43.    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs.

16 44.    Under 15 U S C  § 1679b, the CROA proscribes certain conduct by CROs, including:

17              (a)(1)  make any statement, or counsel or advise any consumer to

18              make any statement, which is untrue or misleading (or which, upon

19              the exercise of reasonable care, should be known by the credit repair

20              organization, officer, employee, agent, or other person to be untrue or

21              misleading) with respect to any consumer's credit worthiness, credit

22              standing, or credit capacity to--

23              (A) any consumer reporting agency (as defined in section 603(f) of

24              this Act);(7) or

25              (B) any person--

26              (i) who has extended credit to the consumer; or

27              (ii) to whom the consumer has applied or is applying for an extension

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1   of credit;

2

3      (b) Payment in Advance.—No credit repair organization may charge

4      or receive any money or other valuable consideration for the

5      performance of any service which the credit repair organization has

6      agreed to perform for any consumer before such service is fully

7      performed.

8   45    In violation of the CROA, FDR collected its fee in advance of providing any services. FDR

9   also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

10  in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received less

11  than full payment and would otherwise report a "charge off" of the remaining balance due or

12  continue to show a sum owing

13                                  X.

14                               PRAYER

15  WHEREFORE, Plaintiff and the other members of the Class request judgment against Defendants

16  and each of them as follows:

17  <u>On the first cause of action</u>

18  1      For restitution and/or disgorgement of all monies collected by FDR in violation of law for

19  the Class and the Plaintiff, according to proof;

20  2      For interest at the legal rate of interest on the foregoing sum;

21  3      For an order declaring the practices of FDR constitute a violation of B&P Code section

22  17200;

23  <u>On the second cause of action</u>

24  4      For actual damages, constituting all monies collected by FDR in violation of the CROA for

25  the Class and the Plaintiff, according to proof, under 15 U S C § 1679g;

26  5      For punitive damages under 15 U S C § 1679g;

27

28                                14

1    <u>On all causes of action</u>

2    6        For costs of suit herein incurred;

3    7        For reasonable attorneys' fees allowed by law; and

4    8        For such other further relief as the Court deems just and proper

5

6    Dated: December 22, 2008                        David R. Markham

7                                                    CLARK & MARKHAM

8                                                    LAW OFFICES OF BARRON E. RAMOS
                                                     Barron E. Ramos
9
                                                     Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury

Dated: December 22 2008

                 CLARK & MARKHAM

By: _____
           David R  Markham

                 LAW OFFICES OF BARRON E. RAMOS
                 Barron E  Ramos

                 Attorneys for Plaintiff

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES



**BY FAX**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |

FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company; FREEDOM DEBT RELIEF, INC , a California corporation; FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAIDEE ESTRELLA, an individual, on behalf of herself, all others similarly situated, and on behalf of the general public,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

**DEC 29 2008**

ALAN CARLSON Clerk of the Court

BY: C. CEPEDA          DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
     There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
     Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) o en el Centro de Ayuda de las Cortes de California, (www.courtinfo ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**30-2008**

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Civil Complex West<br>751 W Santa Ana Blvd<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*  **0 0 2 3 3 4 7 5**<br><br>**JUDGE GAIL A. ANDLER**<br>**DEPT CX102** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio, Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101

| DATE:<br>*(Fecha)*  **DEC 29 2008** | **ALAN CARLSON** Clerk, by<br>*(Secretaria)* | **CHANTEL CEPEDA** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Freedom Debt Relief, Inc

   under:  ☑ CCP 416 10 (corporation)          ☐ CCP 416 60 (minor)
           ☐ CCP 416 20 (defunct corporation)   ☐ CCP 416 70 (conservatee)
           ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
           ☐ other *(specify):*
4. ☑ by personal delivery on (date): 1/01/09

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev January 1 2004] | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

American LegalNet, Inc. | www.USCourtForms.com

BY FAX

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
James M. Treglio (SBN 228077)
CLARK & MARKHAM, LLP
600 B Street, Suite 2130
San Diego, CA 92101
TELEPHONE NO: (619) 239-1321     FAX NO: (619) 239-5888
ATTORNEY FOR *(Name)*: Plaintiff Haidee Estrella

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 W Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

CASE NAME:
Estrella v. Freedom Debt Relief, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON Clerk of the Court

BY: C. CEPEDA DEPUTY

CASE NUMBER:
30-2008 00233475

JUDGE: JUDGE GAIL A. ANDLER
DEPT. CX102

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a [ ] Large number of separately represented parties
   b [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c [✓] Substantial amount of documentary evidence
   d [ ] Large number of witnesses
   e [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a [✓] monetary  b [✓] nonmonetary; declaratory or injunctive relief  c [✓] punitive
4. Number of causes of action *(specify)*  Two: UCL and Federal Credit Repair Organization Act
5. This case [✓] is [ ] is not  a class action suit
6. If there are any known related cases, file and serve a notice of related case *(You may use form CM-015)*

Date: December 23, 2008
James M. Treglio
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| James M. Treglio, Clark & Markham LLP<br>600 B Street, Suite 2130, San Diego, CA 92101<br><br>Telephone No.: (619) 239-1321    Fax No. (Optional): (619) 239-5888<br>E-Mail Address (Optional): jtreglio@clarkmarkham.com<br>ATTORNEY FOR *(Name):* Plaintiff Haidee Estrella    Bar No: SBN 228077 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER<br><br>**DEC 29 2008**<br><br>ALAN CARLSON  Clerk of the Court<br><br>BY:    C. CEPEDA    , DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Haidee Estrella

DEFENDANT / RESPONDENT: Freedom Financial Network, et al

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER: **30-2008**<br>DEPT: **00233475**<br>JUDGE:<br>STATUS CONFERENCE DATE: JUDGE GAIL A. ANDLER<br>DEPT. CX102 |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?                    Yes ____   No  ✓

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?                Yes ____   No  ✓

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?                Yes ____   No  ✓

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?                Yes ____   No  ✓

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?                Yes ____   No  ✓

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

December 23, 2008
_____                    _____
DATE                                SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277  [New June 1, 2005]

BY FAX

1  **CLARK & MARKHAM LLP**
   David R. Markham (State Bar No. 071814)
2  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
3  600 "B" Street, Suite 2130
   San Diego, CA 92101
4  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
5
   **LAW OFFICES OF BARRON E. RAMOS**
6  Attorney at Law, A Professional Corporation
   Barron E. Ramos (State Bar No. 179620)
7  132 N. El Camino Real, # 303
   Encinitas, California 92024
8  Telephone: (760) 274-6438
   Facsimile: (760) 994-1354
9
   Attorneys for plaintiffs and the Class
10

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

**DEC 29 2008**

ALAN CARLSON, Clerk of the Court

BY:_____C. CEPEDA_____ DEPUTY

11                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                           **COUNTY OF ORANGE**

13

14  HAIDEE ESTRELLA, an individual, on behalf ) Case No.
    of herself, all others similarly situated, and on )
15  behalf of the general public,                    )
                                                      )
16                Plaintiff,                          )
                                                      )
17        v.                                          )
                                                      )
18  FREEDOM FINANCIAL NETWORK, LLC, a )
    Delaware limited liability company;              )
19  FREEDOM DEBT RELIEF, INC., a California )
    corporation;                                     )
20  FREEDOM DEBT RELIEF, LLC, a Delaware )
    limited liability company;                       )
21  and DOES 1 through 100,                          )
                                                      )
22                Defendants.                         )
                                                      )
23 _____ )

**30-2008**

**0 0 2 3 3 4 7 5**

**CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES AND FOR VIOLATION OF THE CREDIT REPAIR ORGANIZATION ACT (CROA)**

**JURY TRIAL DEMAND**

**JUDGE GAIL A. ANDLER**
**DEPT CX102**

24

25        Plaintiff HAIDEE ESTRELLA ("Plaintiff"), an individual on behalf of herself and on

26  behalf of all persons similarly situated and on behalf of the general public alleges the following on

27  information on belief:

28

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

1

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

# I.

## INTRODUCTION

1      This a class action for unfair, unlawful and deceptive business practices and for violation of the Credit Repair Organization Act (CROA), 15 U S C § 1679, et seq brought against Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC , a California corporation, FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company (collectively "FDR"), and DOES 1 through 100  This action is based on Defendants' business pattern and practice of unfairly, unlawfully and deceptively collecting excessive and/or unlawful fees for debt reduction services in violation of California Financial Code sections 12200, 12314 and 12314 1, and for violation of the CROA

2      As set forth in detail below, FDR is currently subject to a cease and desist Order entered by the California Corporations Commissioner, Enforcement Division, dated May 29, 2008, attached hereto as Exhibit "A "  However, that cease and desist Order did not restore the millions of dollars unlawfully, deceptively and unfairly collected by FDR from unsuspecting customers  This action seeks to restore those monies to consumers and to obtain actual and punitive damages for FDR's violations of the CROA

# II.

## JURISDICTION & VENUE

3      Jurisdiction and venue are proper within this judicial district because (i) FDR transacts substantial business in this county, (ii) plaintiff, with whom FDR contracted, resides in this county, and (iii) the agreement entered into between FDR and plaintiff was executed in this county

# III.

## CHOICE OF LAW

4      FDR's form adhesion contract for services with plaintiff and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides] "  Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the

2

1   laws of the State of California as to all claims, except for the claim made under the CROA, which

2   is governed by that statute.

<div align="center">

**IV.**

**PARTIES**

</div>

5   5.    Plaintiff HAIDEE ESTRELLA is an individual with whom FDR contracted to provide debt

6   reduction services. Plaintiff brings this action as an individual on behalf of a class of similarly

7   situated consumers and as a private attorney general on behalf of the general public, pursuant to

8   California Business & Professions Code § 17204. The claims of Plaintiff are typical and

9   representative of the claims of the absent members of the Class in that FDR charged Plaintiff for

10   FDR's services in excess of that permitted by California law and while acting without a license to

11   perform the contracted services. The claims are also typical in that FDR represented to plaintiff

12   and the class, and continues to represent to consumers, that it provides services designed to alter a

13   consumer's credit report. The Plaintiff paid FDR fees for these services and thereby suffered a

14   financial injury for which restitution and/or damages from FDR is required.

15   6.    Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability

16   company, FREEDOM DEBT RELIEF, INC., a California corporation, and FREEDOM DEBT

17   RELIEF, LLC, a Delaware limited liability company (collectively "FDR") are now, and at all times

18   mentioned herein, business entities authorized to do business and doing business in California.

19   FDR is headquartered in San Mateo, California.

20   7    Except as otherwise provided herein, Plaintiff seeks restitution on behalf of all persons that

21   have paid a fee to FDR for debt reduction services during the four years preceding the filing of this

22   complaint and who did not receive a full refund of such charges.

23   8.    Plaintiff is unaware of the true names and capacities of the remaining defendants sued in

24   this action by the fictitious names DOES 1 through 100. Such DOE defendants are named herein

25   pursuant to C.C.P. § 474. Plaintiff will amend her complaint when those names and/or capacities

26   become known to Plaintiff. Plaintiff is informed and believes that each of the fictitiously named

27   defendants is in some manner responsible for the events and allegations set forth in this complaint.

28

<div align="center">3</div>

9       Each of the above named Defendants agreed among themselves and with other third party co-conspirators to engage in a scheme for the purpose of increasing the revenues received by each of the Defendants. At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment. In doing the things alleged in the causes of actions stated herein each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents

<center>V.</center>

<center>**SUBSTANTIVE ALLEGATIONS**</center>

10.     At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers. As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief. Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your debt levels."

Among other representations on their website, FDR claims the following:

\*      Be debt free in as little as 12-36 months!

\*      Lower debts down to as low as 50% of what you owe!

\*      Service Fee Money Back Guarantee

\*      Alternative to bankruptcy, debt consolidation or credit counseling

\*      One Simple Monthly Payment

11      Plaintiff contracted with FDR for debt reduction services on March 27, 2008. As part of the service agreement, FDR required that beginning on April 28, 2008 plaintiff budget $ 576 per month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees

<center>4</center>

1   The agreement specified that plaintiff would pay "Retainer Fees" of $ 431.11 each month for a

2   period of four (4) months as well as additional "Service Fees" of $ 229.95 each month "until the

3   total Retainer and Service Fees of approximately 15% of debt are paid." Under the agreement, the

4   Retainer Fee was to equal 5% of the debt and the Service Fee equal to 10% of the debt.

5   12.    After about two (2) months of payments into the FDR account, plaintiff decided to end her

6   relationship with FDR and cancel the agreement.   FDR did not refund any of the monies it

7   collected from plaintiff.

8   13,    On or about May 29, 2008, the Commissioner of the California Department of Corporations

9   found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers,

10  Bill Payers and Proraters Law, and that FDR was doing so without a license.  The Commissioner

11  also found that FDR was overcharging consumers in violation of California Financial Code

12  sections 12314 and 12314.1   FDR was ordered to cease and desist from engaging in business as a

13  bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease

14  and desist from violating California Financial Code sections 12314 and 12314.1   A copy of that

15  Order is attached hereto as Exhibit A.

16  14.    A prorater is defined in California Financial Code section 12002.1 as follows:

17              A prorater is a person who, for compensation, engages in whole or in

18              part in the business of receiving money or evidences thereof for the

19              purpose of distributing the money or evidences thereof among

20              creditors in payment or partial payment of the obligations of the

21              debtor.

22  15    California Financial Code section 12200 proscribes acting as a prorater or bill payer

23  without first obtaining a license from the Commissioner:

24              No person shall engage in the business, for compensation, of selling

25              checks, drafts, money orders, or other commercial paper serving the

26              same purpose, or of receiving money as agent of an obligor for the

27              purpose of paying bills, invoices, or accounts of such obligor, or

28

5

1                 acting as a prorater, nor shall any person, without direct

2                 compensation and not as an authorized agent for a utility company,

3                 accept money for the purpose of forwarding it to others in payment

4                 of utility bills, without first obtaining a license from the

5                 commissioner.

6  16     FDR is acting as a bill payer and/or prorater in the performance of its debt reduction

7  services since it is receiving monies for acting as an agent of the consumer for the purpose of

8  paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that

9  the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and

10  Attorney-In-Fact ."

11  17     California Financial Code section 12314 provides as follows:

12                 The total charges received by a prorater, or any other person for the

13                 prorater's services, may not exceed in the aggregate twelve percent

14                 (12%) for the first three thousand dollars ($3,000), eleven percent

15                 (11%) for the next two thousand dollars ($2,000), and ten percent

16                 (10%) for any of the remaining payments distributed by a prorater to

17                 the creditors of a debtor, except for payments made on recurrent

18                 obligations. Recurring obligations shall be defined for the purpose of

19                 this section as follows: current rent payments, current utility

20                 payments, current telephone bills, current alimony payments, current

21                 monthly insurance premium payments, and payments made on

22                 obligations which are secured by a first mortgage or first deed of

23                 trust on real property.

24                 (a) Notwithstanding the provisions of Section 12315, upon

25                 compliance with the provisions of Sections 12315.1, and 12320, an

26                 origination fee of a sum not to exceed fifty dollars ($50) may be

27                 charged;

28                                        6

1         (b) A fee not to exceed four dollars ($4) per disbursement on

2         recurring obligations, consisting of current rent payments or

3         obligations which are secured by a first mortgage or first trust deed

4         on real property, may be charged

5         (c) A fee not to exceed one dollar ($1) on other recurring

6         obligations. When a debtor has not canceled or defaulted on the

7         performance of his contract with the prorater within 12 months after

8         execution of the prorate contract, the prorater shall refund any

9         origination fee charged to the debtor. At least once each month the

10        prorater shall pay not less than 70 percent of all funds received from

11        the debtor to the creditors of the debtor.

12 18    FDR violated California Financial Code section 12314 by charging more than $ 50 as a

13 retainer fee, and by contracting to charge more than twelve percent (12%) for the first three

14 thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten

15 percent (10%) for any of the remaining payments distributed.

16 19.   California Financial Code section 12314.1 provides as follows:

17        A cancellation fee or termination penalty may not be charged to a

18        debtor.

19 20.   FDR violated California Financial Code section 12314.1 by keeping plaintiff's monies as a

20 cancellation or termination fee.

21 21    In addition to providing debt reduction services, FDR also represents to consumers that it

22 will "request that [the consumer's] creditors report to the credit rating bureaus that [the

23 consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full

24 amount'" FDR thus represents to consumers that it will attempt to alter the consumer's credit

25 report as part of FDR's services.

26 22    The CROA, found at 15 U.S.C. § 1679, et seq, prohibits a variety of false and misleading

27 statements, as well as fraud by credit repair organizations (CROs). CROs may not receive payment

28

                                     7

1    before any promised service is "fully performed " Services must be under written contract, which

2    must include a detailed description of the services and contract performance time. CROs must

3    provide the consumer with a separate written disclosure statement describing the consumer's rights

4    before entering into the contract Consumers can sue to recover the greater of the amount paid or

5    actual damages, punitive damages, costs, and attorney's fees for violations of the CROA

6    23      As used in the CROA, a CRO under 15 U.S C § 1679a:

7          (A) means any person who uses any instrumentality of interstate

8          commerce or the mails to sell, provide, or perform (or represent that

9          such person can or will sell, provide, or perform) any service, in

10         return for the payment of money or other valuable consideration, for

11         the express or implied purpose of--

12         (i) improving any consumer's credit record, credit history, or credit

13         rating; or

14         (ii) providing advice or assistance to any consumer with regard to

15         any activity or service described in clause (i)

16    24.      FDR is a CRO because it represents to consumers that it will "request that [the consumer's]

17    creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

18    'settled,' 'paid,' or 'settled for less than the full amount '"

19    25.      Under 15 U S C § 1679b, the CROA proscribes certain conduct by CROs, including:

20         (a)(1) make any statement, or counsel or advise any consumer to

21         make any statement, which is untrue or misleading (or which, upon

22         the exercise of reasonable care, should be known by the credit repair

23         organization, officer, employee, agent, or other person to be untrue or

24         misleading) with respect to any consumer's credit worthiness, credit

25         standing, or credit capacity to--

26         (A) any consumer reporting agency (as defined in section 603(f) of

27         this Act);(7) or

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1        (B) any person--

2        (i) who has extended credit to the consumer; or

3        (ii) to whom the consumer has applied or is applying for an extension

4        of credit;

5

6        (b) Payment in Advance --No credit repair organization may charge

7        or receive any money or other valuable consideration for the

8        performance of any service which the credit repair organization has

9        agreed to perform for any consumer before such service is fully

10       performed.

11   26     In violation of the CROA, FDR collects its fee in advance of providing any services. FDR

12 also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

13 in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received

14 less than full payment and would otherwise report a "charge off" of the remaining balance due or

15 continue to show a sum owing.

16                                       **VI.**

17                         **CLASS ALLEGATIONS**

18   27     The relief sought in this complaint is the return of all monies FDR has collected from

19 consumers nationwide in violation of California law and in violation of the CROA.

20   28.    The persons for whose benefit this case is brought consists of thousands of individuals

21 whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the

22 amount of charges unlawfully collected by FDR can be calculated by reference to the payments

23 made by class members to FDR. Therefore, the repetitive testimony of each class members at trial

24 would be impracticable, unnecessary and an inefficient use of judicial resources. Moreover, the

25 exhaustive list of consumers that have paid FDR for debt reduction services is now within the

26 exclusive possession and control of Defendant and is not now known to Plaintiff, although the list

27 may readily be obtained using statutory discovery procedures.

28

29     Plaintiff seeks certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID FDR FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT AND WHO DID NOT RECEIVE A FULL REFUND." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiff's attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges

30     There are questions of law and fact common to all class members which predominate over individual questions  The common questions include, *inter alia*, the following:

(a)     Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

(b)     Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

(c)     Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

(d)     Whether FDR charged cancellation fees in violation of California Financial Code section 12314 1;

(e)     Whether FDR violated the CROA by requiring the advance payment of fees; and

(f)     Whether FDR violated the CROA by representing that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount '"

31     There are no material differences in the substantive laws to be applied to the claims of the class members  California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services

32     The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery

33     The representative Plaintiff was injured and lost money as a result of the acts of FDR, and

10

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1  will fairly and adequately protect the interests of the class and has retained counsel competent and

2  experienced in similar class action litigations and other litigations on behalf of the general public

3  34.     The conduct of FDR with respect to the collection of fees in violation of California

4  Financial Code sections 12200, 12314 and 12314 1 as more particularly described above, as well as

5  the violations of the CROA, are unlawful, unfair and deceptive business practices within the

6  meaning of California Business and Professions Code Section 17200 et seq prohibiting such

7  practices  As a result of FDR's unlawful, unfair and deceptive business practices, FDR is liable to

8  make restitution of such charges, including interest on the liquidated sum from the date of payment

9  plus interest along with attorneys' fees and costs as determined by the Court  Plaintiff will amend

10  the Complaint at the time of trial to include additional consumers who are continuing to be subject

11  to FDR's unfair business practices until such time as the practice has been enjoined  Further,

12  Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is

13  issued to include additional persons who have been damaged by the unfair business practice of

14  FDR

15                                    VII.

16                          ATTORNEYS' FEES

17  35.     Upon prevailing, Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

18  this action against FDR because:

19  (a)     A successful outcome is this action will result in the enforcement of important rights

20  affecting the public interest by maintaining the integrity of California institutions that offer debt

21  reduction services nationwide;

22  (b)     This action will result in a significant benefit by causing the return of monies paid to FDR

23  by consumers which monies should not have been charged or collected by FDR, together with

24  interest on those monies;

25  (c)     This action will result in a significant benefit by preventing one of the largest debt

26  reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct

27  from its offices in California;

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1  (d)    Unless this action is prosecuted, the general public will not recover those monies, and many

2  members of the general public would not be aware that they were damaged by FDR's wrongful

3  practices; and,

4  (e)    Unless the attorneys' fees and costs are awarded against FDR, the general public will not be

5  fully redressed

6  36    Plaintiff is also entitled to an award of attorneys' fees and costs under the CROA which

7  provides for an award of such fees in any successful action brought by a consumer, pursuant to 15

8  U S C § 1679g

9                                          **VIII.**

10                              **FIRST CAUSE OF ACTION**

11              (Unfair Competition – Business & Professionals Code Section 17200)

12  37    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

13  38.    California Business and professions Code Section 17200 prohibits any "unlawful    business

14  act or practice." FDR engaged in unlawful acts or practices by, *inter alia*, charging Plaintiff and

15  other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314 1,

16  and by violating the CROA, all as more particularly described above

17  39    California Business and Professions Code Section 17200 also prohibits any "fraudulent

18  business act or practice." Members of the public were and are likely to be deceived by FDR's

19  business practices because FDR does not disclose that it is not licensed to act as a bill payer or

20  prorater   Consumers are also likely to believe that FDR may contractually charge its retainer fees

21  and service fees, even though those fees exceed those permitted by law.

22  40    Business and Professions Code Section 17200 further prohibits any "unfair . business act

23  or practice." As detailed in the preceding paragraphs, FDR's scheme has caused and continues to

24  cause injury to unsuspecting consumers   As a result, FDR received an unfair competitive

25  advantage through its practices in that FDR is receiving more money than competitors who comply

26  with California Financial Code sections 12200, 12314 and 12314 1  Moreover, by concealing the

27  fact that it is not properly licensed and that it charges more than permitted by law, FDR gained an

28                                          12

1  unfair competitive advantage over other services who did not engage in the same deceptive

2  conduct As a result, FDR engaged in unfair business practices prohibited by California Business

3  & professions Code Section 17200, et seq

4  41. As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiff and

5  members of the Class have been injured in amounts to be proven at trial, and Defendants must be

6  ordered to reimburse these amounts to Plaintiff and members of the Class

7  42 Plaintiff was personally victimized by FDR's scheme and lost money as a result of the

8  scheme. Plaintiff has standing to bring this claim for violation of Business & Professions Code

9  because, as set forth hereinabove, Plaintiff (a) suffered injury in fact as a result of FDR's conduct,

10  (b) lost money as a result of FDR's practice, and (c) complies with the requirements of section 382

11  of the Code of Civil Procedure.

12  <center>IX.</center>

13  <center>**SECOND CAUSE OF ACTION**</center>

14  <center>(Violation of the CROA)</center>

15  43. Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs.

16  44. Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

17      (a)(1) make any statement, or counsel or advise any consumer to

18      make any statement, which is untrue or misleading (or which, upon

19      the exercise of reasonable care, should be known by the credit repair

20      organization, officer, employee, agent, or other person to be untrue or

21      misleading) with respect to any consumer's credit worthiness, credit

22      standing, or credit capacity to--

23      (A) any consumer reporting agency (as defined in section 603(f) of

24      this Act);(7) or

25      (B) any person--

26      (i) who has extended credit to the consumer; or

27      (ii) to whom the consumer has applied or is applying for an extension

28  <center>13</center>

1    of credit;

2

3    (b) Payment in Advance.—No credit repair organization may charge

4    or receive any money or other valuable consideration for the

5    performance of any service which the credit repair organization has

6    agreed to perform for any consumer before such service is fully

7    performed.

8    45.    In violation of the CROA, FDR collected its fee in advance of providing any services. FDR

9    also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

10    in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received less

11    than full payment and would otherwise report a "charge off" of the remaining balance due or

12    continue to show a sum owing

13    X.

14    PRAYER

15    WHEREFORE, Plaintiff and the other members of the Class request judgment against Defendants

16    and each of them as follows:

17    On the first cause of action

18    1    For restitution and/or disgorgement of all monies collected by FDR in violation of law for

19    the Class and the Plaintiff, according to proof;

20    2    For interest at the legal rate of interest on the foregoing sum;

21    3    For an order declaring the practices of FDR constitute a violation of B&P Code section

22    17200;

23    On the second cause of action

24    4    For actual damages, constituting all monies collected by FDR in violation of the CROA for

25    the Class and the Plaintiff, according to proof, under 15 U.S.C. § 1679g;

26    5    For punitive damages under 15 U.S.C. § 1679g;

27

28

14

1    <u>On all causes of action</u>

2    6      For costs of suit herein incurred;

3    7.     For reasonable attorneys' fees allowed by law; and

4    8      For such other further relief as the Court deems just and proper

5

6    Dated: December 22, 2008

7                                                    David R. Markham
                                                     CLARK & MARKHAM

8                                                    LAW OFFICES OF BARRON E. RAMOS
                                                     Barron E. Ramos
9

10                                                   Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1

### DEMAND FOR JURY TRIAL

2    PLAINTIFF demands a jury trial on issues triable to a jury

3

4

5    Dated: December 22 2008

6

CLARK & MARKHAM

By: _David R. Markham_

7

8    LAW OFFICES OF BARRON E. RAMOS
     Barron E. Ramos

9    Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

BY FAX

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability
company; FREEDOM DEBT RELIEF, INC , a California corporation;
FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company    and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HAIDEE ESTRELLA, an individual, on behalf of herself, all others
similarly situated, and on behalf of the general public,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON  Clerk of the Court

BY:      C. CEPEDA      DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

30-2008

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Civil Complex West<br>751 W Santa Ana Blvd<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*  0 0 2 3 3 4 7 5 |
|---|---|

JUDGE GAIL A. ANDLER
DEPT. CX102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio, Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101

| DATE:<br>*(Fecha)*  DEC 29 2008 | **ALAN CARLSON** Clerk, by<br>*(Secretario)* | **CHANTEL CEPEDA** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Freedom Debt Relief, Inc   *a California corporation*

   under: ☑ CCP 416 10 (corporation)        ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)   ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership) ☐ CCP 416 90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com

BY FAX

1  **CLARK & MARKHAM LLP**
   David R. Markham (State Bar No. 071814)
2  R. Craig Clark (State Bar No. 129219)
   James M. Treglio (State Bar No. 228077)
3  600 "B" Street, Suite 2130
   San Diego, CA 92101
4  Telephone: (619) 239-1321
   Facsimile: (619) 239-5888
5
   **LAW OFFICES OF BARRON E. RAMOS**
6  Attorney at Law, A Professional Corporation
   Barron E. Ramos (State Bar No. 179620)
7  132 N. El Camino Real, # 303
   Encinitas, California 92024
8  Telephone: (760) 274-6438
   Facsimile: (760) 994-1354
9
   Attorneys for plaintiffs and the Class
10

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON  Clerk of the Court

BY: _____ C. CEPEDA _____ DEPUTY

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF ORANGE**

13  HAIDEE ESTRELLA, an individual, on behalf   ) Case No.    **30-2008**
14  of herself, all others similarly situated, and on )
    behalf of the general public,                   )    **0 0 2 3 3 4 7 5**
15                                                   )
                        Plaintiff,                   ) **CLASS ACTION COMPLAINT FOR**
16                                                   ) **UNLAWFUL, UNFAIR AND DECEPTIVE**
                                                     ) **BUSINESS PRACTICES AND FOR**
17        v.                                         ) **VIOLATION OF THE CREDIT REPAIR**
                                                     ) **ORGANIZATION ACT (CROA)**
18  FREEDOM FINANCIAL NETWORK, LLC, a )
    Delaware limited liability company;              ) **JURY TRIAL DEMAND**
19  FREEDOM DEBT RELIEF, INC., a California )
    corporation;                                     )
20  FREEDOM DEBT RELIEF, LLC, a Delaware )     **JUDGE GAIL A. ANDLER**
    limited liability company;                       )       **DEPT. CX102**
21  and DOES 1 through 100,                          )
                                                     )
22                      Defendants.                  )
                                                     )
23                                                   )
    _____ )
24

25        Plaintiff HAIDEE ESTRELLA ("Plaintiff"), an individual on behalf of herself and on

26  behalf of all persons similarly situated and on behalf of the general public alleges the following on

27  information on belief:

28
                                           1
    _____
    CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

**I.**

**INTRODUCTION**

1       This a class action for unfair, unlawful and deceptive business practices and for violation of the Credit Repair Organization Act (CROA), 15 U S C § 1679, et seq brought against Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability company, FREEDOM DEBT RELIEF, INC, a California corporation, FREEDOM DEBT RELIEF, LLC, a Delaware limited liability company (collectively "FDR"), and DOES 1 through 100   This action is based on Defendants' business pattern and practice of unfairly, unlawfully and deceptively collecting excessive and/or unlawful fees for debt reduction services in violation of California Financial Code sections 12200, 12314 and 12314 1, and for violation of the CROA.

2       As set forth in detail below, FDR is currently subject to a cease and desist Order entered by the California Corporations Commissioner, Enforcement Division, dated May 29, 2008, attached hereto as Exhibit "A"  However, that cease and desist Order did not restore the millions of dollars unlawfully, deceptively and unfairly collected by FDR from unsuspecting customers  This action seeks to restore those monies to consumers and to obtain actual and punitive damages for FDR's violations of the CROA

**II.**

**JURISDICTION & VENUE**

3       Jurisdiction and venue are proper within this judicial district because (i) FDR transacts substantial business in this county, (ii) plaintiff, with whom FDR contracted, resides in this county, and (iii) the agreement entered into between FDR and plaintiff was executed in this county

**III.**

**CHOICE OF LAW**

4       FDR's form adhesion contract for services with plaintiff and other members of the class states that "[t]his Agreement is governed by the laws of the State of California, without regard to the conflict of law rules of th[e] state [in which the client resides]."  Thus, the claims of all members of the class, regardless of where those class members are situated, are governed by the

2

1    laws of the State of California as to all claims, except for the claim made under the CROA, which

2    is governed by that statute.

3                                                    **IV.**

4                                              **PARTIES**

5    5.       Plaintiff HAIDEE ESTRELLA is an individual with whom FDR contracted to provide debt

6    reduction services.  Plaintiff brings this action as an individual on behalf of a class of similarly

7    situated consumers and as a private attorney general on behalf of the general public, pursuant to

8    California Business & Professions Code § 17204.  The claims of Plaintiff are typical and

9    representative of the claims of the absent members of the Class in that FDR charged Plaintiff for

10   FDR's services in excess of that permitted by California law and while acting without a license to

11   perform the contracted services.  The claims are also typical in that FDR represented to plaintiff

12   and the class, and continues to represent to consumers, that it provides services designed to alter a

13   consumer's credit report.  The Plaintiff paid FDR fees for these services and thereby suffered a

14   financial injury for which restitution and/or damages from FDR is required.

15   6.       Defendants FREEDOM FINANCIAL NETWORK, LLC, a Delaware limited liability

16   company, FREEDOM DEBT RELIEF, INC, a California corporation, and FREEDOM DEBT

17   RELIEF, LLC, a Delaware limited liability company (collectively "FDR") are now, and at all times

18   mentioned herein, business entities authorized to do business and doing business in California.

19   FDR is headquartered in San Mateo, California.

20   7.       Except as otherwise provided herein, Plaintiff seeks restitution on behalf of all persons that

21   have paid a fee to FDR for debt reduction services during the four years preceding the filing of this

22   complaint and who did not receive a full refund of such charges.

23   8.       Plaintiff is unaware of the true names and capacities of the remaining defendants sued in

24   this action by the fictitious names DOES 1 through 100.  Such DOE defendants are named herein

25   pursuant to C.C.P. § 474.  Plaintiff will amend her complaint when those names and/or capacities

26   become known to Plaintiff.  Plaintiff is informed and believes that each of the fictitiously named

27   defendants is in some manner responsible for the events and allegations set forth in this complaint.

28

9       Each of the above named Defendants agreed among themselves and with other third party co-conspirators to engage in a scheme for the purpose of increasing the revenues received by each of the Defendants.  At all material times herein mentioned, each of the Defendants was the co-conspirator, joint venturer, successor, agent, aider & abettor, and/or employee of each of the remaining Defendants and was, at all relevant times, acting within the course and scope of such plan, conspiracy, successorship, joint venture, agency and employment.  In doing the things alleged in the causes of actions stated herein each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants.  All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other defendant or their officers or their managing agents.

**V.**

**SUBSTANTIVE ALLEGATIONS**

10      At all relevant times alleged herein, FDR was and is in the business of providing debt reduction services to consumers.  As set forth on FDR's website, www.freedomdebtrelief.com: FDR's "'Debt Reduction Program' is an innovative solution for consumers struggling with large debt burdens and who need debt relief.  Freedom Debt Relief uses debt negotiation with a goal of dramatically lowering your debt levels."

Among other representations on their website, FDR claims the following:

*       Be debt free in as little as 12-36 months!

*       Lower debts down to as low as 50% of what you owe!

*       Service Fee Money Back Guarantee

*       Alternative to bankruptcy, debt consolidation or credit counseling

*       One Simple Monthly Payment

11      Plaintiff contracted with FDR for debt reduction services on March 27, 2008.  As part of the service agreement, FDR required that beginning on April 28, 2008 plaintiff budget $ 576 per month to be paid into a separate bank account and then used to pay creditors as well as FDR's fees.

4

1  The agreement specified that plaintiff would pay "Retainer Fees" of $ 431 11 each month for a

2  period of four (4) months as well as additional "Service Fees" of $ 229 95 each month "until the

3  total Retainer and Service Fees of approximately 15% of debt are paid " Under the agreement, the

4  Retainer Fee was to equal 5% of the debt and the Service Fee equal to 10% of the debt

5  12.     After about two (2) months of payments into the FDR account, plaintiff decided to end her

6  relationship with FDR and cancel the agreement   FDR did not refund any of the monies it

7  collected from plaintiff

8  13,     On or about May 29, 2008, the Commissioner of the California Department of Corporations

9  found that FDR was engaging in business as a bill payer or prorater as defined in the Check Sellers,

10 Bill Payers and Proraters Law, and that FDR was doing so without a license.  The Commissioner

11 also found that FDR was overcharging consumers in violation of California Financial Code

12 sections 12314 and 12314 1   FDR was ordered to cease and desist from engaging in business as a

13 bill payer and prorater unless and until they became licensed or exempt, and also ordered to cease

14 and desist from violating California Financial Code sections 12314 and 12314 1.  A copy of that

15 Order is attached hereto as Exhibit A.

16 14.     A prorater is defined in California Financial Code section 12002.1 as follows:

17          A prorater is a person who, for compensation, engages in whole or in

18          part in the business of receiving money or evidences thereof for the

19          purpose of distributing the money or evidences thereof among

20          creditors in payment or partial payment of the obligations of the

21          debtor

22 15.     California Financial Code section 12200 proscribes acting as a prorater or bill payer

23 without first obtaining a license from the Commissioner:

24          No person shall engage in the business, for compensation, of selling

25          checks, drafts, money orders, or other commercial paper serving the

26          same purpose, or of receiving money as agent of an obligor for the

27          purpose of paying bills, invoices, or accounts of such obligor, or

28                                    5

1    acting as a prorater, nor shall any person, without direct

2    compensation and not as an authorized agent for a utility company,

3    accept money for the purpose of forwarding it to others in payment

4    of utility bills, without first obtaining a license from the

5    commissioner.

6    16    FDR is acting as a bill payer and/or prorater in the performance of its debt reduction

7    services since it is receiving monies for acting as an agent of the consumer for the purpose of

8    paying bills or accounts of that consumer. Indeed, FDR's own service agreement states plainly that

9    the consumer acknowledges that FDR will be acting as the consumer's "Non-Exclusive Agent and

10   Attorney-In-Fact."

11   17    California Financial Code section 12314 provides as follows:

12       The total charges received by a prorater, or any other person for the

13       prorater's services, may not exceed in the aggregate twelve percent

14       (12%) for the first three thousand dollars ($3,000), eleven percent

15       (11%) for the next two thousand dollars ($2,000), and ten percent

16       (10%) for any of the remaining payments distributed by a prorater to

17       the creditors of a debtor, except for payments made on recurrent

18       obligations. Recurring obligations shall be defined for the purpose of

19       this section as follows: current rent payments, current utility

20       payments, current telephone bills, current alimony payments, current

21       monthly insurance premium payments, and payments made on

22       obligations which are secured by a first mortgage or first deed of

23       trust on real property.

24       (a) Notwithstanding the provisions of Section 12315, upon

25       compliance with the provisions of Sections 12315.1, and 12320, an

26       origination fee of a sum not to exceed fifty dollars ($50) may be

27       charged;

28

6

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    (b) A fee not to exceed four dollars ($4) per disbursement on

2    recurring obligations, consisting of current rent payments or

3    obligations which are secured by a first mortgage or first trust deed

4    on real property, may be charged

5    (c)    A fee not to exceed one dollar ($1) on other recurring

6    obligations.   When a debtor has not canceled or defaulted on the

7    performance of his contract with the prorater within 12 months after

8    execution of the prorate contract, the prorater shall refund any

9    origination fee charged to the debtor.  At least once each month the

10    prorater shall pay not less than 70 percent of all funds received from

11    the debtor to the creditors of the debtor.

12    18    FDR violated California Financial Code section 12314 by charging more than $ 50 as a

13    retainer fee, and by contracting to charge more than twelve percent (12%) for the first three

14    thousand dollars ($3,000), eleven percent (11%) for the next two thousand dollars ($2,000), and ten

15    percent (10%) for any of the remaining payments distributed.

16    19.    California Financial Code section 12314.1 provides as follows:

17    A cancellation fee or termination penalty may not be charged to a

18    debtor

19    20    FDR violated California Financial Code section 12314.1 by keeping plaintiff's monies as a

20    cancellation or termination fee

21    21    In addition to providing debt reduction services, FDR also represents to consumers that it

22    will "request that [the consumer's] creditors report to the credit rating bureaus that [the

23    consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full

24    amount.'"  FDR thus represents to consumers that it will attempt to alter the consumer's credit

25    report as part of FDR's services

26    22    The CROA, found at 15 U.S.C. § 1679, et seq, prohibits a variety of false and misleading

27    statements, as well as fraud by credit repair organizations (CROs).  CROs may not receive payment

28

7

1  before any promised service is "fully performed." Services must be under written contract, which

2  must include a detailed description of the services and contract performance time. CROs must

3  provide the consumer with a separate written disclosure statement describing the consumer's rights

4  before entering into the contract. Consumers can sue to recover the greater of the amount paid or

5  actual damages, punitive damages, costs, and attorney's fees for violations of the CROA.

6  23.    As used in the CROA, a CRO under 15 U.S.C. § 1679a:

7              (A) means any person who uses any instrumentality of interstate

8              commerce or the mails to sell, provide, or perform (or represent that

9              such person can or will sell, provide, or perform) any service, in

10             return for the payment of money or other valuable consideration, for

11             the express or implied purpose of--

12             (i) improving any consumer's credit record, credit history, or credit

13             rating; or

14             (ii) providing advice or assistance to any consumer with regard to

15             any activity or service described in clause (i)

16  24.    FDR is a CRO because it represents to consumers that it will "request that [the consumer's]

17  creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,'

18  'settled,' 'paid,' or 'settled for less than the full amount.'"

19  25.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

20             (a)(1) make any statement, or counsel or advise any consumer to

21             make any statement, which is untrue or misleading (or which, upon

22             the exercise of reasonable care, should be known by the credit repair

23             organization, officer, employee, agent, or other person to be untrue or

24             misleading) with respect to any consumer's credit worthiness, credit

25             standing, or credit capacity to--

26             (A) any consumer reporting agency (as defined in section 603(f) of

27             this Act);(7) or

28

8

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

(B) any person--

(i) who has extended credit to the consumer; or

(ii) to whom the consumer has applied or is applying for an extension

of credit;

(b) Payment in Advance -- No credit repair organization may charge

or receive any money or other valuable consideration for the

performance of any service which the credit repair organization has

agreed to perform for any consumer before such service is fully

performed.

26      In violation of the CROA, FDR collects its fee in advance of providing any services  FDR

also violates the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor has received

less than full payment and would otherwise report a "charge off" of the remaining balance due or

continue to show a sum owing.

## VI.

## CLASS ALLEGATIONS

27.     The relief sought in this complaint is the return of all monies FDR has collected from

consumers nationwide in violation of California law and in violation of the CROA

28.     The persons for whose benefit this case is brought consists of thousands of individuals

whose claims, except as to amount of restitution and/or damages, are otherwise identical, in that the

amount of charges unlawfully collected by FDR can be calculated by reference to the payments

made by class members to FDR   Therefore, the repetitive testimony of each class members at trial

would be impracticable, unnecessary and an inefficient use of judicial resources.  Moreover, the

exhaustive list of consumers that have paid FDR for debt reduction services is now within the

exclusive possession and control of Defendant and is not now known to Plaintiff, although the list

may readily be obtained using statutory discovery procedures

9

29    Plaintiff seeks certification of the following class of consumers: "ALL CONSUMERS NATIONWIDE WHO PAID FDR FOR DEBT REDUCTION SERVICES DURING THE FOUR YEARS PRECEDING THE FILING OF THE COMPLAINT AND WHO DID NOT RECEIVE A FULL REFUND." Excluded from the Class are all Defendants and all agents, attorneys, and employees of Defendants; all members of the California judiciary sitting in judgment of this case; and, plaintiff's attorneys and their employees; and, all other persons within three degrees of consanguinity of the named Defendants, attorneys, employees and judges

30    There are questions of law and fact common to all class members which predominate over individual questions. The common questions include, *inter alia*, the following:

(a)    Whether FDR was properly licensed during the class period to act as a bill payer or prorater under California Financial Code section 12200;

(b)    Whether FDR charged retainer fees in excess of that permitted by California Financial Code section 12314;

(c)    Whether FDR charged service fees in excess of that permitted by California Financial Code section 12314;

(d)    Whether FDR charged cancellation fees in violation of California Financial Code section 12314.1;

(e)    Whether FDR violated the CROA by requiring the advance payment of fees; and

(f)    Whether FDR violated the CROA by representing that it will "request that [the consumer's] creditors report to the credit rating bureaus that [the consumer's] accounts are 'settled in full,' 'settled,' 'paid,' or 'settled for less than the full amount'"

31.    There are no material differences in the substantive laws to be applied to the claims of the class members. California law and the CROA are appropriately applied to all claims pursuant to FDR's contract for services

32    The names and addresses of all class members entitled to restitution and/or damages are ascertainable from the records of FDR and can be obtained in discovery

33    The representative Plaintiff was injured and lost money as a result of the acts of FDR, and

10

1  will fairly and adequately protect the interests of the class and has retained counsel competent and

2  experienced in similar class action litigations and other litigations on behalf of the general public

3  34    The conduct of FDR with respect to the collection of fees in violation of California

4  Financial Code sections 12200, 12314 and 12314 1 as more particularly described above, as well as

5  the violations of the CROA, are unlawful, unfair and deceptive business practices within the

6  meaning of California Business and Professions Code Section 17200 et seq prohibiting such

7  practices  As a result of FDR's unlawful, unfair and deceptive business practices, FDR is liable to

8  make restitution of such charges, including interest on the liquidated sum from the date of payment

9  plus interest along with attorneys' fees and costs as determined by the Court  Plaintiff will amend

10  the Complaint at the time of trial to include additional consumers who are continuing to be subject

11  to FDR's unfair business practices until such time as the practice has been enjoined.  Further,

12  Plaintiff reserves the right to supplement the restitution award after trial and until an injunction is

13  issued to include additional persons who have been damaged by the unfair business practice of

14  FDR

15                                                VII.

16                                    ATTORNEYS' FEES

17  35    Upon prevailing, Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

18  this action against FDR because:

19  (a)    A successful outcome is this action will result in the enforcement of important rights

20  affecting the public interest by maintaining the integrity of California institutions that offer debt

21  reduction services nationwide;

22  (b)    This action will result in a significant benefit by causing the return of monies paid to FDR

23  by consumers which monies should not have been charged or collected by FDR, together with

24  interest on those monies;

25  (c)    This action will result in a significant benefit by preventing one of the largest debt

26  reduction services in California from continuing to engage in unlawful, unfair or deceptive conduct

27  from its offices in California;

28                                                11

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    (d)    Unless this action is prosecuted, the general public will not recover those monies, and many

2    members of the general public would not be aware that they were damaged by FDR's wrongful

3    practices; and,

4    (e)    Unless the attorneys' fees and costs are awarded against FDR, the general public will not be

5    fully redressed

6    36    Plaintiff is also entitled to an award of attorneys' fees and costs under the CROA which

7    provides for an award of such fees in any successful action brought by a consumer, pursuant to 15

8    U S C § 1679g

9                                              VIII.

10                              FIRST CAUSE OF ACTION

11              (Unfair Competition – Business & Professionals Code Section 17200)

12    37    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

13    38    California Business and professions Code Section 17200 prohibits any "unlawful    business

14    act or practice."  FDR engaged in unlawful acts or practices by, *inter alia*, charging Plaintiff and

15    other consumers fees in violation of California Financial Code sections 12200, 12314 and 12314 1,

16    and by violating the CROA, all as more particularly described above

17    39    California Business and Professions Code Section 17200 also prohibits any "fraudulent

18    business act or practice." Members of the public were and are likely to be deceived by FDR's

19    business practices because FDR does not disclose that it is not licensed to act as a bill payer or

20    prorater  Consumers are also likely to believe that FDR may contractually charge its retainer fees

21    and service fees, even though those fees exceed those permitted by law

22    40    Business and Professions Code Section 17200 further prohibits any "unfair . business act

23    or practice."  As detailed in the preceding paragraphs, FDR's scheme has caused and continues to

24    cause injury to unsuspecting consumers  As a result, FDR received an unfair competitive

25    advantage through its practices in that FDR is receiving more money than competitors who comply

26    with California Financial Code sections 12200, 12314 and 12314 1  Moreover, by concealing the

27    fact that it is not properly licensed and that it charges more than permitted by law, FDR gained an

28

                                              12

1  unfair competitive advantage over other services who did not engage in the same deceptive

2  conduct  As a result, FDR engaged in unfair business practices prohibited by California Business

3  & professions Code Section 17200, et seq

4  41.    As a result of Defendants' unlawful, deceptive or unfair acts and practices, Plaintiff and

5  members of the Class have been injured in amounts to be proven at trial, and Defendants must be

6  ordered to reimburse these amounts to Plaintiff and members of the Class

7  42    Plaintiff was personally victimized by FDR's scheme and lost money as a result of the

8  scheme.  Plaintiff has standing to bring this claim for violation of Business & Professions Code

9  because, as set forth hereinabove, Plaintiff (a) suffered injury in fact as a result of FDR's conduct,

10  (b) lost money as a result of FDR's practice, and (c) complies with the requirements of section 382

11  of the Code of Civil Procedure.

12                                          IX.

13                           SECOND CAUSE OF ACTION

14                            (Violation of the CROA)

15  43.    Plaintiff incorporates by reference the all allegations set forth in the preceding paragraphs

16  44.    Under 15 U.S.C. § 1679b, the CROA proscribes certain conduct by CROs, including:

17             (a)(1) make any statement, or counsel or advise any consumer to

18             make any statement, which is untrue or misleading (or which, upon

19             the exercise of reasonable care, should be known by the credit repair

20             organization, officer, employee, agent, or other person to be untrue or

21             misleading) with respect to any consumer's credit worthiness, credit

22             standing, or credit capacity to–

23             (A) any consumer reporting agency (as defined in section 603(f) of

24             this Act);(7) or

25             (B) any person–

26             (i) who has extended credit to the consumer; or

27             (ii) to whom the consumer has applied or is applying for an extension

28                                          13

1    of credit;

2

3    (b) Payment in Advance.—No credit repair organization may charge

4    or receive any money or other valuable consideration for the

5    performance of any service which the credit repair organization has

6    agreed to perform for any consumer before such service is fully

7    performed.

8    45    In violation of the CROA, FDR collected its fee in advance of providing any services. FDR

9    also violated the CROA by requesting that credit bureaus report the consumer's accounts as 'settled

10   in full,' 'settled,' 'paid,' or 'settled for less than the full amount,' even if the creditor received less

11   than full payment and would otherwise report a "charge off" of the remaining balance due or

12   continue to show a sum owing.

13                                              X.

14                                           PRAYER

15   WHEREFORE, Plaintiff and the other members of the Class request judgment against Defendants

16   and each of them as follows:

17   On the first cause of action

18   1    For restitution and/or disgorgement of all monies collected by FDR in violation of law for

19   the Class and the Plaintiff, according to proof;

20   2    For interest at the legal rate of interest on the foregoing sum;

21   3    For an order declaring the practices of FDR constitute a violation of B&P Code section

22   17200;

23   On the second cause of action

24   4    For actual damages, constituting all monies collected by FDR in violation of the CROA for

25   the Class and the Plaintiff, according to proof, under 15 U.S.C. § 1679g;

26   5    For punitive damages under 15 U.S.C. § 1679g;

27

28
                                              14
     CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

1    <u>On all causes of action</u>

2    6        For costs of suit herein incurred;

3    7.       For reasonable attorneys' fees allowed by law; and

4    8        For such other further relief as the Court deems just and proper

5

6    Dated: December 22, 2008

7                                                        David R. Markham
                                                         CLARK & MARKHAM

8                                                        LAW OFFICES OF BARRON E. RAMOS
                                                         Barron E. Ramos
9
                                                         Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES

BY FAX                                                                    CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>James M. Treglio (SBN 228077)<br>CLARK & MARKHAM, LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO: (619) 239-1321    FAX NO: (619) 239-5888<br>ATTORNEY FOR (Name): Plaintiff Haidee Estrella | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX LITIGATION CENTER<br><br>**DEC 29 2008**<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:  C. CEPEDA       DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange<br>STREET ADDRESS: 751 W Santa Ana Blvd<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: | |

| CASE NAME:<br>Estrella v. Freedom Debt Relief, et al | CASE NUMBER:<br>30-2008<br>**00233475** |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | JUDGE: **JUDGE GAIL A. ANDLER** |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: **CX102** |

*Items 1–6 below must be completed (see instructions on page 2).*

**1** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

**2** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a  [ ] Large number of separately represented parties
b  [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c  [✓] Substantial amount of documentary evidence

d  [ ] Large number of witnesses
e  [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f  [✓] Substantial postjudgment judicial supervision

**3** Remedies sought (check all that apply) a [✓] monetary  b [✓] nonmonetary; declaratory or injunctive relief  c [✓] punitive

**4** Number of causes of action (specify) Two: UCL and Federal Credit Repair Organization Act

**5** This case [✓] is   [ ] is not   a class action suit

**6** If there are any known related cases, file and serve a notice of related case (You may use form CM-015.)

Date: December 23, 2008

James M. Treglio
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address):
Janice M. Treglio, Clark & Markham LLP
600 B Street, Suite 2130, San Diego, CA 92101

Telephone No.: (619) 239-1321          Fax No. (Optional): (619) 239-5888
E-Mail Address (Optional): jtreglio@clarkmarkham.com
ATTORNEY FOR (Name): Plaintiff Haidee Estrella          Bar No.: SBN 228077

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Civil Complex Center - 751 W Santa Ana Blvd , Bldg 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Haidee Estrella

DEFENDANT / RESPONDENT: Freedom Financial Network, et al

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

*(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*

FOR COURT USE ONLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX LITIGATION CENTER

DEC 29 2008

ALAN CARLSON Clerk of the Court

BY: ____C. CEPEDA____ DEPUTY

30-2008

CASE NUMBER:
00233475

DEPT:
JUDGE:
STATUS CONFERENCE DATE: JUDGE GAIL A. ANDLER
DEPT. CX 102

In response to the conflict of interest issues raised in *Apple Computer, Inc. v. The Superior Court of Los Angeles County* (2005) 126 Cal App 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes ____   No ✓

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes ____   No ✓

   If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes ____   No ✓

   If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes ____   No ✓

   If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes ____   No ✓

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

December 23, 2008
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                                    Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name):*                        Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                                            (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                                            (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                                California Rules of Court, rule 3.221
L1270 (Rev February, 2008)

**ORANGE COUNTY SUPERIOR COURT**                    **COMPLEX CIVIL DEPARTMENT GUIDELINES**

## GUIDELINES - ALL COMPLEX DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex litigation. These pilot courts have been established to test case management principles which may improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. The principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation. The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology. Counsel's familiarity with the applicable California Rules of Court, Orange County Superior Court Rules, and the *Deskbook on the Management of Complex Civil Litigation ("Deskbook")* is expected. A copy of the *Deskbook* may be obtained by contacting LEXIS Publishing at (800) 833-9844. These guidelines should answer most procedural questions and assist you in feeling comfortable in our courtrooms. *These Guidelines are Orders of the Court.*

---
*PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES WITH THE SUMMONS AND COMPLAINT*

---

I.  **COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE:**

1.  The court expects civility and proper decorum at all times in the courtroom. Witnesses and parties, except for small children, are to be addressed and referred to by their surnames. Courtesy toward everyone in the courtroom is required. Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality. *The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.*

2.  All electronic devices such as pagers and cell phones must be TURNED OFF while in the courtroom whether or not court is in session.

3.  Trial attorneys should be in the courtroom 10 minutes prior to the start of court each morning. Punctuality is not only a courtesy to others, it is required. Counsel should expect that the court will take appropriate action if counsel is late for any appearance without good reason.

4.  Objections, statements and arguments must be addressed to the court rather than opposing counsel. Counsel may speak from the lectern or the counsel table and may examine witnesses and object without standing or without asking permission.

5.  Do not enter the well of the courtroom at any time.

6.  Do not lean or sit on the jury rail.

7.  Do not approach the clerk or reporter while court is in session for any reason.

8.  At the end of each day, counsel must clear work areas including the area in the rear of the courtroom unless granted leave of the court otherwise.

**ORANGE COUNTY SUPERIOR COURT**                    **COMPLEX CIVIL DEPARTMENT GUIDELINES**

9.    Any use of the department's fax machine is permitted only by order of the court.

10.    It is counsel's responsibility to record the date and time set for any future hearing. If counsel needs to confirm a hearing date, please call opposing counsel before calling the court. If the information is still not available, please call the Clerk's Office of the Civil Complex Center at (714) 568-4700. Please do not call courtroom staff unless these previously noted resources do not have the information you need.

11.    Copy work is done by staff in the Clerk's Office. Courtroom staff will not make copies at counsel's request unless directed to do so by the judge. All copies are subject to a per-page copying fee.

## II.    GENERAL MATTERS

1.    The court expects all counsel to maintain regular communication with each other regarding hearing dates, the progress of the case, and settlement possibilities.

2.    The court believes in liberal discovery but expects counsel to refrain from engaging in excessive and abusive discovery.

3.    The court will require written notice of all hearing dates and decisions. Notice is not normally waived and waiver of notice must be stated on the record.

4.    Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of trial or hearing dates by stipulation are not permitted without approval by the court. Even if counsel have stipulated to a continuance, the new date must be pre-approved by the courtroom clerk. Please call the courtroom clerk for available dates before contacting other counsel. Stipulated continuances must be supported by declaration stating the reasons for the continuance and be accompanied by a proposed order for the court's signature. Faxed signatures on stipulations are permitted. All applicable fees apply.

5.    Please consult the Orange County Superior Court Rules prior to seeking the assistance of courtroom staff in order to minimize telephone calls to the department.

6.    In the event a case settles prior to a court hearing or trial date, the plaintiff or cross-complainant must file in the assigned department either a full dismissal, a Stipulation for Entry of Judgment, or a Judgment on Stipulation that is in a form ready for the judge's signature. If the applicable document is not ready for filing by the time of the next hearing date, counsel must appear at the time scheduled for the hearing and recite the settlement for the record.

7.    Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

(rev. Jan 2007)

ORANGE COUNTY SUPERIOR COURT                    COMPLEX CIVIL DEPARTMENT GUIDELINES

8.    Information about filing requirements or fees is available on the court's INTERNET home page at: http://www.occourts.org, or by telephone at (714) 568-4700. **Orange County Superior Court Rules** are available on the court's internet home page.

9.    Telephone appearances are conducted pursuant to the provisions of California Rules of Court, Rule 3.670 and the guidelines of **CourtCall**, available at (310) 342-0888 or (888) 88-COURT.

## III.  LAW AND MOTION:

1.    **Meet and Confer**: This court adopts the *Deskbook's* view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions (*Deskbook*, Pleading and Motion Practice, § 2.42.). Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

Counsel for the moving party shall arrange the conference to meet and confer and, at least 10 calendar days before the hearing, file at the Clerk's Office of the Civil Complex Center (Room 213) a statement entitled "Meet and Confer," signed under penalty of perjury, summarizing the issues remaining in dispute and the respective positions taken. Failure to comply with the requirement to meet and confer may result in the matter being continued or taken off calendar.

If the court finds that there was no good reason for a failure to resolve the dispute, the court may order any person who unreasonably fails to settle any disputed issue to pay the amount of the opposing party's reasonable expenses, including reasonable attorneys' fees incurred in making or opposing the matter.

2.    **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the court as soon as possible if any matter will be taken off calendar or continued.

## IV.  EX PARTE APPLICATIONS:

1.    The filing fee for each *ex parte* application must be paid at the Clerk's Office of the Civil Complex Center (Room 213). The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application.

2.    The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

ORANGE COUNTY SUPERIOR COURT                    COMPLEX CIVIL DEPARTMENT GUIDELINES

3.    The parties shall appear at the appointed time in the department in which the application is to be heard. No late appearance will be heard without good cause. There is no second-call on the *ex parte* calendar.

## V.    REFEREES

1.    In complex cases, the court has the authority to 1) appoint a referee to conduct mediation or mandatory settlement conferences, or to hear and determine discovery disputes; 2) order the parties to compensate the referee in a manner which is fair; and 3) compel attendance by the parties and their carriers at mediation and settlement conferences. (Code of Civil Procedure §187, §639 and Lu v. Superior Court (1997) 55 CA.4th 1264, 1270 -72.)

2.    It is the court's expectation that all parties and their carriers will appreciate the advantage of cooperating in early settlement or mediation efforts.

3.    It is the general order of the court that the provisions of Orange County Superior Court Rule 448 shall apply to mandatory settlement conferences, and that the provisions of subdivisions D., E., H. and I. of Rule 448 shall apply to mediation as if the mediation was a mandatory settlement conference for all parties which have agreed to mediate. However, the referee is authorized to require the attendance of any person at any mediation agreed upon as may be appropriate for the circumstances of the case and the position of each party.  For example, "major players" may be required to have a claims representative present, while "minor players" may be allowed to have a claims representative available by telephone during the mediation. Similar appropriate accommodation may be made by the referee for association boards, business entities, or multiple plaintiffs for example.  All parties are expected to cooperate in making a sincere effort to resolve the case without a trial.

4.    Any request for a waiver of the requirement to personally appear at a mandatory settlement conference, whether conducted by the court or a referee, must be made by written application to the court in accordance with the provisions of Orange County Superior Court Rule 448.I.3(5).

5.    No later than 20 days prior to the initial Case Management Conference, the plaintiff is expected to have conferred with all other parties which have filed a responsive pleading concerning whether referee services are appropriate for the case. If the parties agree that the appointment of a referee would benefit the case, counsel shall then attempt to agree on the selection of one or more referees for the purposes stated in this section.

Plaintiff is expected to propose to all other parties a list of 3 to 6 potential referee candidates after having inquired of each candidate concerning his or her availability to accept an appointment. If a party cannot agree to the appointment of any of the referees suggested by the plaintiff, that party must propose an alternative list of referee candidates. If the parties still cannot agree, a party may apply for the appointment of a referee under the provisions of Code of Civil Procedure §638 or §639, whichever is appropriate, supported by a declaration stating the reasons why the appointment of a referee would benefit the case, and identifying the issue upon which the parties are