O/JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Haidee Estrella, an individual, and William Ryan Crosley, an individual, on behalf of themselves and all others similarly situated, and on behalf of the general public<br><br>                    Plaintiff(s),<br><br>        v.<br><br>Freedom Financial Network, LLC; Freedom Debt Relief, Inc.; Freedom Debt Relief, LLC; Global Client Solutions, LLC; Rocky Mountain Bank and Trust; Andrew Housser; Bradford Stroh<br><br>                    Defendant(s). | CASE NO. SACV09-0189 DOC(ANx)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |

   Before the Court is Defendants Freedom Financial Network, LLC; Freedom Debt Relief, Inc.; and Freedom Debt Relief, LLC's Motion to Transfer Venue (the "Motion"). Defendants Global Client Solutions, LLC; Rocky Mountain Bank and Trust; Andrew Housser; and Bradford Stroh join in this Motion (collectively, "Defendants"). The Court finds the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R.7-15. Accordingly, the hearing set for July 13, 2009, is removed from the Court's calendar. After considering the moving, opposing, and replying papers, the Court hereby GRANTS Defendants' Motion.

# I. BACKGROUND

Plaintiffs Haidee Estrella and William Ryan Crosley (collectively, "Plaintiffs") bring this class action lawsuit under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. Plaintiffs are debtor customers of Defendants. Plaintiffs allege that Defendants operate an elaborate scheme to defraud debtors who are overwhelmed by credit card and unsecured debt. Plaintiffs claim that by masquerading as unregulated debt settlement negotiators, Defendants attempt to escape strict state consumer protection regulations enacted to protect debtors.

Plaintiffs allege that the Defendants have violated California law by, *inter alia*, attempting to collect fees in excess of the maximum fees that are permitted under California Financial Code Section 12314 and by operating without a valid license issued by the Department of Corporations. Plaintiffs also allege that Defendants have violated the Credit Repair Organization Act and 15 U.S.C. § 1679, *et. seq*. Plaintiffs allege that Defendants' contracts with Plaintiffs are void under Section 12316 of the California Financial Code. Plaintiffs seek relief for these violations under the Business & Professions Code Section 17200, *et seq*. and the California Consumer Legal Remedies Act.

On December 29, 2008, Plaintiff Haidee Estrella ("Estrella") originally filed suit in Orange County Superior Court. The action was removed to this Court on February 17, 2009. On January 22, 2009, Plaintiff William Ryan Crosley ("Crosley") filed a class action lawsuit in the Northern District of California ("Northern District"). Defendants allege that in late February and early March 2009, Estrella's Counsel indicated that they would consider the possibility of transfer to the Northern District. On March 18, 2009, Crosley unilaterally dismissed his action in the Northern District without prejudice. That same day, Crosley's Counsel filed an appearance in the instant action as co-counsel for Estrella. On March 26, 2009, Estrella and Crosley jointly filed the Amended Complaint. On June 22, 2009, Defendants filed the instant Motion.

## II. LEGAL STANDARD

A district court may discretionarily transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). That is, in considering whether transfer of venue is appropriate under 28 U.S.C.

1  §1404(a), the Court must first determine whether the transferee court is within a district where the
2  claim "might have been brought." 28 U.S.C. § 1404(a). Said differently, venue must be proper in
3  the transferee court. According to 28 U.S.C. § 1391(b), venue in a

> civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only
> in (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial part
> of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant may be found, if there
> is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). A corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In ruling on a motion to transfer pursuant to §1404(a), the Court must then evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998). The movant must present strong grounds for transferring the action, otherwise, the plaintiff's choice of venue will not be disturbed. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Stated differently, a plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. section 1404(a). *STX, Inc. v. Trik Stik, Inc.,* 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988) (citing *Shutte v. Armco Steel Corp.,* 431 F. 2d 22, 25 (3d Cir. 1970)); *see also* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3848 (2d ed. 1986) (citing voluminous caselaw attesting to proposition that "the balance of convenience must be strongly in favor of the moving party before a transfer will be ordered"). Thus, a transfer is not appropriate merely to shift the inconvenience from one party to another. *See Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S. Ct. 805, 824 (1964); *Plasco Inc. v. Auten*, No. CV C95-20146 SW, 1995 WL 354870, at *6 (N.D. Cal. June 7, 1995).

While there is a preference to retain the action in the district of plaintiff's choice, a defendant

3

1  can overcome this by a strong showing that transfer will "prevent the waste of 'time, energy, and
2  money' and 'protect litigants, witnesses and the public against unnecessary inconvenience and
3  expense.'" *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997) (quoting *Van Dusen*,
4  376 U.S. at 616, 84 S. Ct. at 809). Section 1404(a) is essentially "a codification of the common law
5  doctrine of forum non conveniens." *Id.* at 1370 (holding, however, that the district court's
6  "discretion to transfer under §1404(a) is broader than its discretion to dismiss for forum non
7  conveniens."). However, when an action is a proposed class action, a plaintiff's choice of forum
8  is accorded less deference because presumably there will be class members from different locations.
9  *See, e.g., Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S. Ct. 828 (1947).

## III. DISCUSSION

### A. Venue

Plaintiffs do not dispute that this action could have been brought in the Northern District. Thus, Defendants' Motion turns on whether the Court finds it appropriate to transfer the case to the Northern District "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

### B. Plaintiffs' Choice of Forum

Generally, in a motion to transfer venue, a plaintiff's choice of forum carries substantial weight. *Cardoza v. T-Mobile USA Inc.*, No. 08-5120 SC., 2009 WL 723843, *4 (N.D. Cal. Mar. 18, 2009). However, in class actions, a plaintiff's choice of forum is often given less deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

In the present case, Plaintiffs' contend that the Northern District is a less convenient forum for Plaintiffs. Plaintiffs allege several reasons why the transfer is unwarranted, including: (1) Estrella resides in the Central District of California ("Central District"); (2) contracts with Defendants were entered into in the Central District; (3) notwithstanding the standing Cease and Desist Order, Defendants continue to operate in the Central District; and (4) the Central District contains more class members than the Northern District. Although Plaintiffs' choice of forum weighs against transfer, other considerations weigh more heavily in favor of transfer.

**C.     Convenience of Parties and Witnesses in the Interest of Justice**

Although Plaintiffs allege that it is more convenient for Plaintiffs to litigate their claims in the Central District, based on the nature of Plaintiffs' claims, the convenience of parties and witnesses weighs in favor of transfer. Often, the convenience of witnesses is the most important factor in resolving a motion to transfer. *See Bunker v. Union Pac. R.R. Co.*, No. 05-4059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006). "In analyzing whether a transfer of a case would serve the convenience of the witnesses, the [c]ourt must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary." *Flint v. UGS Corp.*, No. 07-4640, 2007 WL 4365481, at *4 (N.D. Cal. Dec. 12 2007).

Defendants allege several reasons as to why the Northern District is more convenient for Defendants, including: (1) the most important witnesses that will provide the most significant testimony will be the Defendants and their officers and employees; (2) it is not clear that any witnesses work or live in the Central District; (3) potential witnesses outside of California have no bearing on which district would be more convenient; (4) the allegations focus on Defendants' behavior and most Defendants reside in the Northern District; (5) Plaintiffs would not be significantly inconvenienced because Crosley resides in Texas and initially brought his claim in the Northern District; and (6) even if Estrella resides in Orange County, her domicile is an insignificant convenience factor.

On the other hand, Plaintiffs allege that: (1) Plaintiffs' Counsel will depose witnesses in Northern California if necessary and will conduct document discovery by digital means; (2) appearing for trial in the Central District will not be unduly expensive for Defendants; (3) due to the standing Cease and Desist Order, an appearance by Defendants' executives cannot be disruptive to its business operations; (4) it is not clear how a transfer will be more inconvenient to entities and individuals located in Colorado and Oklahoma; and (5) the relative means of the parties favor keeping the action in this district.

The Defendants adequately describe their relevant witnesses and the significance of their testimony. *See SEC v. Rose Fund, LLC*, No. C03-04593 WHA, 2004 WL 2445242, at *9 (N.D. Cal. Jan. 9, 2004) (stating that "[t]o demonstrate an inconvenience to witnesses, the moving party must

identify relevant witnesses, state their location and describe their testimony and its relevance"). As in the instant case, when the allegations in a case focus on Defendants' conduct, the convenience of witnesses favors transfer. *See In re Yahoo! Inc.*, No. 07-3125, 2008 WL 707405, at *3 (C.D. Cal. Mar. 10, 2008) (stating that "the location of the defendants is a weighty consideration in deciding whether this [] class action is properly transferred because plaintiffs' allegations focus on defendants' conduct and do not appear to implicate involved questions of fact regarding plaintiffs' behavior"). Moreover, as in *Flint*, "the Court still lacks any indication of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be." *Flint*, 2007 WL 4365481, at *4. Thus, given that the allegations in the case focus on Defendants' conduct, the convenience of the parties and witnesses weighs in favor of transfer.

### D. Ease of Access to Evidence

Defendants argue that a substantial portion of the evidence related to this case is located in the Northern District. "Documents pertaining to defendants' business practices are most likely to be found at their personal place of business." *Italian Colors Rest. v. Am. Express*, No. 03-3719, 2003 WL 22682482, at *1 (N.D. Cal. Nov. 10, 2003).

Defendants allege that the Northern District is the "factual center" of the case, where the alleged claims arose, and that the sources of proof, including relevant documents, are concentrated in the Northern District. Defendants further contend that such facts and sources of proof include: (1) the nature and scope of debt settlement services; (2) the representations and disclosures made to customers; (3) the terms and conditions of relevant customer agreements; (4) fees charged to the customers; (5) financial records; (6) internal communications; (7) policies and procedures; (8) electronic materials; and (9) corporate books and business records.

In response, Plaintiffs contend that most of the monies in dispute in this case are located in Colorado, and managed, at least in part, by an Oklahoma entity; thus critical witnesses and documents cannot all be located in Northern California. However, this contention does not rebut Defendants' assertion that many relevant documents are predominantly located in the Northern District. *See Cardoza*, 2009 WL 723843, at *5 (finding the predominant location of the evidence significant, regardless of the scope of defendants' activities). Thus, given that the relevant

documents are predominantly located in the Northern District, this factor weighs in favor of transfer.

**E.     Local Interest in the Issue**

The Court must also consider the "local interest in having localized controversies decided at home." *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal quotation omitted). Although neither party expressly discusses local interests in the controversy, Plaintiffs assert that the Central District has more class members and that such class members continue to be damaged by Defendants' alleged conduct. However, the Northern District has considerable local interest because many Defendants reside there. Given that neither party discusses local interests and given that the local interests appear balanced, the Court assumes that this factor is neutral with respect to transfer.

## IV.  CONCLUSION

The Court hereby GRANTS Defendants' Motion to Transfer. While Plaintiffs' choice of forum is entitled to some deference, considerations including the convenience of parties and witnesses and ease of access to evidence weigh heavily in favor of transfer.

IT IS SO ORDERED.

DATED: July 9, 2009

_____
THE HONORABLE DAVID O. CARTER
U.S. DISTRICT JUDGE